## GROUT and wife *vs.* TOWNSEND.

Where a testator by will, after devising lands to his wife during widowhood devised the same lands to R. *his daughter and the heirs of her body forever from and after the decease or re-marriage of his wife,* with a limitation over to the children of one N. in case R. died without issue ; *held* that a remainder in fee tail was attempted to be devised to R., which the statute abolishing entails changed into a remainder in fee simple.

The acknowledgment of consideration in a deed of lands cannot be contradicted, in a case free from fraud, for the purpose of defeating the conveyance.

So held where the conveyance was by a *feme covert,* acknowledged according to the statute.

Grout *v.* Townsend.

One seized of a determinable fee, (e. g. an estate in fee subject to be defeated by the happening of an event upon which an executory devise is limited,) may convey the estate, and the grantee will take it accompanied by the same determinable quality which belonged to it in the hands of his grantor. *Per* PORTER, *Senator.*

ON error from the supreme court. The plaintiffs in error brought ejectment in the supreme court against Townsend, and upon the trial the jury found a special verdict, upon which that court gave judgment for the defendant; and the plaintiffs thereupon brought error to this court. For the facts found by the verdict and the opinion of the court below see, 2 *Hill,* 554.

*S. Stevens,* for the plaintiffs in error.

*M. T. Reynolds,* for the defendant in error.

PORTER, Senator. The terms of the devise in favor of the testator's daughter Rachel, the wife of J. Knickerbacker, are such as are appropriate to create an estate tail as to a moiety of the residue of the testator's real estate, if it were now possible so to limit an estate in lands. But as such an estate cannot now exist, it is insisted on behalf of the plaintiffs that the will ought to be so construed as to give the testator's daughter only an estate for life, with remainder to her children. If this were so, the children would take as purchasers and not as the heirs of their mother, and their title would not be prejudiced by the conveyance of the daughter. This, it is argued, would effectuate the intention of the testator, who clearly indicated the children of his daughter as the ultimate objects of his bounty, and did not intend that their mother should be enabled to defeat their estate. It is undoubtedly a cardinal principle in the construction of wills that the intention of the testator must control; subject however to the qualification that such intention be conformable to the rules of law. Here it is manifest that he intended to create an estate tail; and in that particular mode he did unquestionably intend that the enjoyment of this property should be secured to the children of his daughter after the death of their mother, who by force of the entailment would have held the

Grout *v.* Townsend.

premises for her life. The statute has not only frustrated the intention thus to limit the estate; but in such cases it has prescribed as a substitute a limitation of its own, by declaring that where any person would, independently of the act, become seized in fee tail of any lands by virtue of any devise, &c. such person, "instead of becoming seized thereof in fee tail, shall be deemed and adjudged to be seized thereof in fee simple absolute." (1 *R. L.* 52, § 1; 1 *R. S.* 722, § 3.) There is therefore no escape from the conclusion that the testator's daughter, Mrs. Knickerbacker, took an estate in fee simple, to commence in possession at the termination of the estate devised to her mother.

But the counsel for the plaintiffs insists that the devise of the moiety of the residue to Mrs. Knickerbacker was, during the widowhood of the testator's wife a contingent remainder; and consequently that nothing passed by the deed executed by her and her husband to Bleecker in 1809, Mrs. Visscher, the first tenant for life, being then living and unmarried. I am satisfied however, that the remainder was a vested and not a contingent one. A remainder is vested where the interest is fixed, although it may be uncertain whether it will ever take effect in possession. It is the present capacity of taking effect in possession if the possession were to become vacant, that distinguishes a vested from a contingent remainder. (*Kent's Com. 4th ed.* 403.(a) The rule was well settled at common law, and it is now made a provision of the revised statutes. (1 *R. S.* 723, § 13.) Mrs. Knickerbacker immediately upon the death of the testator had a fixed interest in the premises. Until she joined in the conveyance to Bleecker, she had at all times a capacity to take upon the happening of the death or re-marriage of Mrs. Visscher. It follows that her estate was a vested remainder.

The next question which was discussed on the argument relates to the quality of the fee devised to Mrs. Knickerbacker in the premises in question. Assuming that the devise over to the children of Nicholas Visscher, in the event mentioned in the

---

(a) See the authorities referred to by Beardsley, J. in *Vanderheyden* v. *Crandall.* (*ante, pp.* 9—18.)

will, was valid as an executory devise, the estate of Mrs. K. was *determinable* upon the happening of that event. It was however an estate which she could convey, and vest in her grantee. " A qualified base or determinable fee is an interest which may continue for ever, but the estate is liable to be determined without the aid of a conveyance by some act or event circumscribing its continuance or extent." (4 *Kent's Com.* 9.) The same writer says that estates in fee which are liable to be defeated by executory devise are determinable fees, and that if the owner of such an estate conveys in fee the determinable quality of the estate follows the transfer; and this, he says, is founded upon the sound maxim of the common law, that *nemo potest vlus juris in alium transferre quam ipse habet.* (*Id.* 9, 10.) The estate of Mrs. Knickerbacker was therefore one which could be aliened; and as she died leaving issue, the condition annexed to the fee is destroyed, and her grantee acquired an absolute estate in the premises.

But the limitation over to the children of Nicholas Visscher was itself void. It was to take effect upon the indefinite failure of issue of Mrs. Knickerbacker; and if estates tail were legal, would have been a remainder limited upon an estate tail in Mrs. K. In determining that she took an estate in fee simple by force of the statute abolishing entails, it follows of course that remainders limited to take effect upon the failure of issue in tail are void. (*Lyon* v. *Burtis,* 20 *John.* 483; *Wilkes* v. *Lyon,* 2 *Cowen,* 333.)

Mrs. Knickerbacker, being seized in fee simple (subject to the life estate of Mrs. Visscher) joined with her husband in a deed of bargain and sale to Bleecker in fee, which she acknowledged in the manner required of a *feme covert* to pass her title to land. This conveyance is expressed to be in consideration of fifty dollars; but it is found by the special verdict that no consideration was paid, and for this reason the plaintiffs' counsel insists that the deed is void. The cases relied on to sustain this position are those in which no consideration whatever was mentioned in the deed; and they depend upon a different principle. The question here is whether the plaintiffs are at liberty to

contradict the admission of consideration contained in the deed
itself, for the purpose of defeating the estate attempted to be
conveyed.   I apprehend that there is no authority for such a
position, and that it would be unheard of to allow a grantor to
avoid his own conveyance and thus to defeat the title which he
had conveyed in all the forms of law, by proving that the con-
sideration which he had acknowledged had not in fact been
paid ; unless in connection with such proof he offered to shew
fraud in the transaction.   In *Morse* v. *Shattuck*, (4 *N. Hamp.*
429,) Richardson, C. J., says, " It is perfectly well settled that a
consideration expressed in a deed cannot be disproved for the
purpose of defeating the conveyance, unless it be on the ground
of fraud.   The same doctrine is contained in *Belden* v. *Sey-
mour*, (8 *Conn.* 304,) and in *McCrea* v. *Purmort*, (16 *Wend.*
473,) Cowen, J., in delivering the opinion of the court, said, " A
party is estopped by his deed.  He is not permitted to contra-
dict it.   So far as a deed is intended to pass a right, or to be
the exclusive evidence of a contract, it concludes the parties to
it."(a)   The fact that the conveyance was by a married woman
makes no difference.   She was competent to convey her land
in the manner prescribed by law, and can no more impeach
her conveyance than any other person, and she and her heirs
are as much concluded by it as though she were a *feme sole.*
It is true she is incompetent to make a contract by way of cove-
nant in a deed or otherwise, but that principle has no applica-
tion to this case.   There is no attempt here to affect her title by
force of any covenant, but only to sustain her conveyance exe-
cuted in due form of law.

   Having therefore shewn an absolute title to the premises in
question in Mrs. Knickerbacker, and a valid conveyance in fee
from her, it follows that the plaintiff, Mrs. Grout, cannot claim
as devisee under the will because the whole estate was given
to her mother, nor as heir of her mother because she conveyed
her whole title in her lifetime.   The judgment of the supreme
court should be affirmed.

_____

(a) See also *Hurn* v. *Soper*, (6 *Har. & John.* 276.)

Senator CLARK also delivered a written opinion in favor of affirmance, and

On the question being put, " Shall this judgment be reversed ?" all the members of the court present who had heard the argument, to wit, The PRESIDENT, and *Senators* BACKUS, BEERS, BOCKEE, BURNHAM, CHAMBERLAIN, CLARK, DEYO, EMMONS, FOLSOM, HAND, JONES, LESTER, LOTT, PORTER, SEDGWICK, SMITH, TALCOTT, VARNEY and WRIGHT, (20) voted in favor of affirmance.

Judgment affirmed.