## HENDERSON vs. HENDERSON'S Executors.

13 151
36a 695
13 151
46a 535
13 151
55a 310
13 151
125 629
59a 488
13 151
72a 65
13 151
150 540

1. In an action upon a covenant of seizin, as the damages are regulated by the real amount of the purchase money, parol evidence is admissible to prove a different amount from that mentioned in the deed. But in cases where the operation of a deed, in respect to the *interest* or *estate* purporting to be conveyed is sought to be effected, parol testimony is not admissible.

2. In an action for a breach of covenant against incumbrances, the amount of damages depends upon what the covenantee has been compelled to pay to extinguish the incumbrance; and evidence as to the real consideration of the deed is not relevant to this issue.

3. Parties and privies cannot allege their own fraud as a ground for varying or avoiding a deed.

### APPEAL FROM PLATTE CIRCUIT COURT.

HAYDEN & TODD for appellants.

1. Dower of the grantor's widow, is an incumbrance covenanted against by a general warranty deed. 4 Mass. R. 629; 10 do 313; 22 Pick. 447.

2. The damages in such case is the amount paid for the dower; ibid and 7 John. R. 358.

3. If the deed was made with fraudulent interest, neither the grantor nor his representatives can avoid it. 2 Bibb. 91; 4 do 65.

4. The return of a deed to grantor, or its destruction cannot avoid the deed. 4 Wend. 474.

5. The defendant's evidence should have been rejected and instructions of defendant refused. The acknowledgment made in the deed of payment of the consideration, cannot be contradicted by the grantor or those claiming under him, for the purpose of destroying the effect of the deed. 16 Wend. 460; 2 Hill, 554; 4 Cow. 427; 7 Johns. 341; 2 J. J. Marsh. 420; 3 do. 167; 1 Binney, 518, 19; 1 Shep. 216; 3 Shep. 118; 2 Harring, 501; 5 Porter, 498; 2 Bibb, 71; 15 Wend. 518; 4 Bibb 65; 5 Wend. 474.

NAPTON, J. delivered the opinion of the court:

Perman Henderson brought an action of covenant against the execu-

tors of his father, John Henderson, upon a deed of bargain and sale executed by the latter to the former, conveying a certain tract of land in Platte County. The deed contained the words "grant, bargain and sell," and a covenant of general warranty. The receipt of $766, the consideration of the sale, was acknowledged in the deed.

The breach of covenant assigned was the incumbrance of the dower of John Henderson's widow (the said John having died after the execution of the deed,) and this incumbrance was alleged to be worth two hundred dollars, which was accordingly paid to the said widow by the plaintiff.

Upon the trial the defendant introduced evidence, the tendency and object of which was to prove that there was no consideration passing from John Henderson to his son the plaintiff for this conveyance—that in reality it was merely designed to remove an obstacle which the retention of the title by the father was supposed to present to the allowance of a pre-emption which he had in view—and that upon the accomplishment of this purpose, it was understood and agreed by both parties that the deed should be cancelled or the title reconveyed. To this evidence the plaintiff objected; but it was permitted to come in and the plaintiff took an exception to the ruling of the court.

Instructions were given, but they are not preserved on the record. The defendant had a verdict and judgment.

The only question which the record presents is the one growing out of the admission of the defendant's testimony.

How far the ordinary clause in a deed, acknowledging the receipt of the consideration money, ought to preclude all parol evidence to show the real consideration, either as to amount or character, is a question upon which the decisions have not been uniform. Where the action is such that the amount of purchase money paid becomes material, and the deed is not otherwise called in question, a majority of the American cases will be found in favor of the admissibility of such evidence. Such proof has usually been allowed in actions for the purchase money—tho' in the courts of North Carolina a different practice has been rigidly adhered to. So in actions upon a covenant of session, as the amount of damages must depend upon the real consideration paid for the land, the formal receipt in the conveyance has not been considered conclusive. Moore vs. Shatluck, 4 N. H. 229. But where the operation of the deed, in respect to the interest or estate purporting to be conveyed, is sought to be effected, such testimony is inadmissible. If the object of the testimony be to alter the effect of the deed in any other particular except the mere receipt, it cannot be admitted.

In the present action, the amount of the consideration and the fact of its payment or non payment, were matters entirely immaterial to the issue. In an action upon a covenant of seizin, the damages are regulated by the purchase money and interest. Hence some courts have permitted the defendant in this action to go behind the deed and prove the actual consideration to have been less than that expressed in the deed. But the damages for the breach of a covenant against incumbrances depend upon the value of the incumbrance, without reference to the value of the land or the purchase money. The covenantee is entitled to recover what he has paid to extinguish the incumbrance, if he has paid a reasonable and fair price. The testimony in relation to the consideration, then, could not have been admitted with any view to the *amount* of damages.

The purpose really aimed at by the testimony in this case was probably to show a resulting trust in the grantor, and thereby defeat the action entirely. This is a privilege which strangers, whose interests are affected by the deed, are allowed, but between parties and privies, such testimony is inadmissible. Parties and privies are not permitted to allege their own fraud as a ground for varying or avoiding a deed. Belden vs. Seymour, 8 Conn. R. 312.

It will be readily observed, that the principle upon which this case turns cannot be affected by the accidental circumstance, that the grantee is one of the heirs of the grantor, and by means of the fraud gets advantage over his co-heirs, which neither the law of distribution, nor the grantor's will designed. The grantor and his son, the grantee, were both participators in the fraud, and its object was to enable the grantor to defraud the government of the United States. The party defrauded has not complained, and is not attempting to set aside the deed. There is no pretence that the deed is otherwise than it was intended to be, but merely that the grantee is unwilling to comply with a secret understanding which existed between the parties, and which is totally inconsistent with the face of the deed. In such a case, there is manifestly no hardship in holding the grantor to his deed, and if, as in this case, this hardship decends to his children or heirs, it results from a principle of law, too well settled and too necessary to be maintained in other cases, to authorize us to disturb it here.

The judgment must be reversed, and the cause remanded.

Judge Birch having been of counsel in the court below, did not sit in this case.