JANE SEAMAN, CATHARINE BEST, JOHN B. RACE and ROBERT C. RACE, Respondents, v. HENRY C. HARVEY and SUSAN AMELIA HARVEY, Appellants.

*Conveyance to uses — rule in Shelley's Case — when grantee takes fee — estates in tail converted into fees — when limitation over, void as too remote.*

In 1811 one Livingston conveyed certain real estate to two persons named in the deed, " upon the trusts, and for the intents and purposes, * * * to the use and behoof of the said Robert T. Livingston and his assigns, for and during his natural life," and after his death to the use of the parties of the second part, reserving certain rents ; " and for the further use and trust for Margaret Race, of the same place, and the heirs of her body lawfully begotten, from and after the decease of the said Livingston, to enter in and upon the said farms and premises with all and singular the appurtenances, and the same to have and enjoy as her and their estate, subject to the rent herein reserved as aforesaid. And in case of the death of the said Margaret Race without heirs on her body lawfully begotten, for the use and in trust for Mary Livingston, the daughter of the said Robert T. Livingston, her heirs and assigns forever."

*Held,* that the deed gave to Livingston himself an estate for life. That, under the rule in *Shelley's Case,* which prevailed in this State prior to the Revised Statutes, and independent of chapter 12 of 1786, Margaret Race would have taken an estate in fee tail general.

That, by chapter 12 of 1783, abolishing entails, such estate was converted into a fee simple absolute.

That under the law of this State, as it existed prior to the passage of 1 Revised Statutes, 724, section 22, the limitation over in favor of Mary Livingston was limited upon an indefinite failure of the issue of Margaret, and was therefore void.

Appeal from a judgment in favor of the plaintiffs, entered upon a verdict directed by the court, and from an order denying

a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was in ejectment to recover four-fifths of a farm. Both parties claim under a deed made by Robert T. Livingston October 11, 1811. The question is whether Margaret Race, the mother of the plaintiffs, took a fee simple absolute under it, or an estate for life. In the former case the defendants, who claimed under conveyances from her, were entitled to judgment; in the latter case the plaintiffs, her children, were entitled thereto.

The deed conveyed the farm to John V. D. Scott and Jacob H. Best. "To have and to hold the said lots, * * * to the uses and upon the trusts, and for the intents and purposes hereinafter expressed of and concerning the same — that is to say, to the use and behoof of the said Robert T. Livingston and his assigns for and during his natural life, and from and after the death of the said Robert T. Livingston to the use of the said parties of the second part, their heirs and assigns in trust, nevertheless, to yield and pay to the right heirs of the said Robert T. Livingston, their heirs and assigns, from and after his decease, the annual rent, in gold or silver, of eight dollars money of account of the United States of America, forever. * * * And for the further use and trust for Margaret Race, of the same place, and the heirs of her body lawfully begotten, from and after the decease of the said Robert T. Livingston, to enter in and upon the said farms and premises with all and singular the appurtenances, and the same to have and enjoy as her and their estate, subject to the rent herein reserved as aforesaid. And in case of the death of the said Margaret Race, without heirs on her body lawfully begotten, for the use and in trust for Mary Livingston, the daughter of the said Robert T. Livingston, her heirs and assigns forever."

*R. E. Andrews*, for the appellants. The limitation in the clause of the deed from Livingston being to "the heirs of her body lawfully begotten," before the statute of 1786, created an estate in fee tail general in Margaret Race. Then under the rule in *Shelley's Case* she would have taken the fee tail, but for the act of 1786; but under that act she became seized in fee simple absolute. (4 Kent's Com. [12th ed.], 219; *Schoonmaker* v.

*Sheely*, 3 Denio, 485; *Lott* v. *Wykoff*, 2 N. Y., 355; *Jackson* v. *Van Zandt*, 12 J. R., 169; *Jackson* v. *Billinger*, 18 id., 368; *Brown* v. *Lyon*, 6 N. Y., 419; *Bond* v. *McNiff*, 38 Sup. C., 91; *Tator* v. *Tator*, 4 Bar. S. C., 435.)

*H. W. McClellan*, for the respondents. The intention of the grantor, expressed in the deed, controls the rule in *Shelley's Case*. (*Tallman* v. *Wood*, 26 Wend., 19; *Striker* v. *Mott*, 28 N. Y., 91; *Doe* v. *Lanning*, 2 Burr., 1106, 1107; *King* v. *Milling*, 1 Vent., 231; *Doe* v. *Goff*, 11 East, 668; *Lowe* v. *Davis*, 2 Ld. Raymond, 1561; *Goodlittle* v. *Herring*, 1 East, 264; *Guthrie's Appeal*, 37 Penn. St., 9; *Chew's Appeal*, 37 id., 23; *Jones* v. *Stiles*, 4 Green [N. J.], 324; *Williams* v. *Sneed*, 3 Coldw. [Tenn.], 533; *Flourney* v. *Flourney*, 1 Bush. [Ken.], 515.

LEARNED, P. J.:

Prior to the statute of uses (27 Henry VIII., chap. 10) a grant to one person to the use of another gave the bare legal estate to the grantee, as *feoffee to uses;* while the whole beneficial interest went to the person named in the deed as *cestui que use.* The rights of the *cestui que use* were enforced in chancery; but he had everything except the formal legal statute. That statute gave to him a legal estate. In the old technical language it executed the use, so that a legal estate passed to the *cestui que use* at once, of the same kind and extent with the equitable estate which he would have had by the same deed before the statute.

The deed, therefore, of Robert T. Livingston to John V. D. S. Scott and another, conveyed to the *cestuis que use* named therein, legal, not equitable, estates. It first gave to Livingston himself a life estate. For under the doctrine of uses and by force of the statute, one could (as it were) convey to himself. After reserving a certain rent to Livingston's right heirs, it then gave the lands " to Margaret Race, and the heirs of her body lawfully begotten, * * * from and after the decease of said Livingston, to enter in and upon the said farms and premises with, etc., and the same to have and enjoy, as her and their estate." Aside from the effect of our statute, hereinafter to be mentioned, the rule in *Shelley's Case* (1 Coke, 88) determines what the estate thus granted would be.

" Whenever there is a limitation to a man which, if it stood alone, would convey to him a particular estate of freehold followed by a limitation to his heirs or to the heirs of his body (or equivalent expressions), either immediately or after the interposition of one or more particular estates, the apparent gift to the heirs, or heirs of the body, is to be construed as a limitation of the estate of the ancestor, and not as a gift to his heirs." (Digby Real Property, 195.) For other definitions (see 4 Kent Com., m. p., 215). This rule was in force in New York until abrogated by the Revised Statutes. (*Brant* v. *Gelston*, 2 Johns. Cas., 384; 4 Kent Com., m. p., 232.)

This rule has been held to apply even in cases where it appeared to interfere with the intention of the grantor or devisor. (*Schoonmaker* v. *Sheely*, 3 Den., 485; *Brown* v. *Lyon*, 6 N. Y., 419.) In this last case a devise was to B. during her natural life, and after her decease then to descend to the heirs of her body, and to their heirs and assigns forever." It was held that B. took a fee. But in the deed in question there are no such strong expressions of the intent of the grantor. The grant is simply to Margaret Race and the heirs of her body. So that the grantor has not shown any intent to give Margaret Race, as the plaintiffs claim that she had, only an estate for life. According, then, to the language of the deed, and aside from the statute of 1786, Margaret Race would have taken an estate in fee tail general. That statute "An act to abolish entails," etc., passed February 23, 1786 (1 R. S., 52), declares that when any persons are or would be, but for the passage of the act, seized in fee tail, they shall be deemed to be seized in fee simple absolute. Hence Margaret Race took an estate in fee simple. (*Lott* v. *Wykoff*, 2 N. Y., 355.)

In opposition to this view, the plaintiffs urge that the trustees held the title, and that Margaret Race had only an equitable estate. They cite the doctrine that where the life estate is equitable and the remainder is legal, the rule in *Shelley's Case* did not apply. (*Striker* v. *Mott*, 28 N. Y., at p. 91.) But in this deed there is no distinction, as to the nature of the estate, between the estate which the plaintiffs claim Margaret Race took, and that which they claim her children took. Both are legal estates under any construction. She was to enter and enjoy. Active trusts, it is true, were at an early day excepted from the statute of uses. (Brookes' Abridg.,

Feoffment at Uses, 52.) But here is no active trust, and therefore the *cestuis que use*, as before stated, took legal estates. This, too, is the plaintiffs' position. For they claim as remainder-men, taking a legal estate under the deed of Livingston, and not by any conveyance from the trustees. If they took a legal title by that deed, so did Margaret Race, and then the rule in *Shelly's Case* applies.

The plaintiffs further urge that the words " heirs of her body," must be intended to designate children as purchasers; that if the grantor had intended to convey a fee, he would have used the word " heirs " simply. " But the law of 1786 does not prohibit entails, but, when created, it turns them into estates in fee." (*Lott* v. *Wykoff, ut supra.*) The grantor may have thought that he could still create an estate tail.

There is in the deed a further clause—"And in case of the death of the said Margaret Race without heirs on her body lawfully begotten, for the use and in trust for Mary Livingston, the daughter of the said Robert T. Livingston, her heirs and assigns forever." The plaintiffs insist that these words show that Margaret Race took only a life estate. The Revised Statutes (1 R. S., m. p. 724, § 22) have declared that where a remainder is limited to take effect on the death of a person without heirs, or without heirs of his body, the word heirs shall be construed to mean heirs living at the death of the person named as ancestor. But, before that statute, the rule of construction was that such a limitation had reference to an indefinite failure of heirs or heirs of the body. (*Wilson* v. *Wilson*, 32 Barb., 328; *Patterson* v. *Ellis*, 11 Wend., 259.) The remainder over, therefore, to Mary Livingston was void, as limited on an indefinite failure of the issue of Margaret Race.

The present case is very closely analogous to that of *Grant* v. *Townsend* (2 Hill, 554); *S. C.* (2 Den., 336). After a life estate, the testator gave a half of his real estate to " R. and the heirs of her body forever; * * * and in case of her death without such heirs," then he gave the same to certain other persons. It was held that R. took a fee simple; that the devise over to those persons was void; and that even if it were valid, yet, in that case, R. would take a determinable or base fee, and that the plaintiffs, the

children of R., could not recover against the defendant claiming under a deed from R. No question of fact is raised in the present case. If Margaret Race had the fee, the defendants now hold it. If she had only a life estate, that ceased at her death.

The judgment and order must be reversed, and judgment rendered for the defendants, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment and order reversed, and new trial granted; costs to abide event.