BOBB v. BOBB *et al.*

1. **Practice in Supreme Court.** The rulings of the trial court on pleadings abandoned by reason of the filing of amended ones will not be considered on appeal.

89 411
99 609
89 411
38a 499
89 411
55a 311
80 411
127 30
89 411
144 15
73a 188

**2.** **Deed**: CONSIDERATION: RESULTING TRUST. The consideration expressed in a deed is open to parol explanation for most purposes. But a want of consideration cannot be shown against a recital in a deed for the purpose of defeating its operative words, as for the purpose of showing a resulting trust in the grantor.

**3.** ————: MISTAKE IN, WHEN REFORMATION NOT DECREED. Where a husband having deeded certain lots of land to a third party for the nominal consideration of ten thousand dollars, no consideration having actually passed, afterwards accepted from the grantee a conveyance of the same land in trust for the benefit of his wife and children, and for twenty-four years acted and administered the trust on the theory that the deed did not by mistake fail to include as beneficiaries therein his after born children, the court will not decree the reformation of the deed because of such alleged mistake.

**4.** **Trustee**: INTEREST. Whether a trustee should be charged with any interest upon moneys in his hands, and if he is, then at what rate, must depend much upon the particular facts of each case.

**5.** ————: ————. The final decree in this case, adjudging the trustee accountable for interest on the balances in his hands at six per cent. compounded with annual rests, not disturbed.

**6.** ————. Where a trustee under a deed of trust undertakes to execute the trust, when the proper time comes he must account to the beneficiaries.

## Cross-Appeals from St. Louis Court of Appeals.

AFFIRMED.

*Jeff. Chandler* for appellant, Charles Bobb.

(1) It is an inflexible rule of equity pleadings that the equitable title upon which plaintiff claims must be set out with certainty, and recovery must be had on the title so set out. Story's Eq. Pls., secs. 241, 258; *Ibid.* 27, 28; *Crockett v. Lee*, 7 Wheat. 527; *Railroad v. Stewart*, 4 C. E. Green, 71; *Jones v. Louderman*, 37 Mo. 290. In this case, however, there is a total departure in the judgment from the cause of action stated in the petition. Plaintiff cannot declare upon one cause of

action and recover upon another. *Dougherty v. Matthews*, 35 Mo. 520; *Jones v. Louderman*, 37 Mo. 290; *Harris v. Railroad*, 39 Mo. 309, 310; *Merle v. Hascall*, 10 Mo. 406. Neither can plaintiff contradict the allegations of his petition. He cannot now be heard to say in contradiction of his petition that no money was in fact to be paid. 34 Mo. 246; 32 Mo. 203. (2) The doctrine advanced by the other side that a deed cannot be shown to have been given for no consideration is not correct. *Haigh v. Kage*, 7 Ch. [L. R.] 469; *Davis v. Otty*, 35 Beav. 208; *Kelly v. Johnson*, 28 Mo. 449. (3) If it be true that Charles Bobb is estopped from showing that there was no consideration for the deed of 1843, for the purpose of defeating the deed, he may show in this very case that it has not been paid and may recover it in this action. Besides the decree is erroneous in not allowing to the vendor in his account as trustee the purchase price of said land with interest thereon at the same rate which plaintiff regards as so equitable in his behalf. *Lenman v. Whitney*, 4 Rus. 422; *Chilton v. Braiden*, 2 Black, 458; *Manly v. Slason*, 21 Vt. 271; *Garson v. Green*, 1 John. Ch. 308; *Cordova v. Hood*, 17 Wall. 5; *Mackuth v. Symmons*, 15 Ves. 329; *Lewis v. Harkin*, 23 Wall. 125. (4) Plaintiff cannot adopt the sale of the property by Charles Bobb to Hannah Letcher, and by Hannah Letcher to Charles Bobb, and hold Charles Bobb responsible as a trustee by purchase, without conceding to said Charles Bobb whatever equities spring out of the transaction in his favor. Brooms Legal Maxims, 681, top, 522; *Lincoln v. Wright*, 4 De G. & J. 22; *Smith v. Brisby*, 15 Mo. 392. The vendor of an equitable title is entitled to his lien for the purchase price. *Bledsoe v. Gaines*, 30 Mo. 451; *Edmondston v. Philips*, 73 Mo. 60; *Real Estate, etc., v. Collonious*, 63 Mo. 295. A vendor's lien exists against subsequent purchasers and incumbrances when they advance no new consideration or have notice. *Hallock v.*

*Smith*, 3 Barb. 267. (5) If the estate was derived from Charles Bobb, then he is not compelled to account until the heirs become of age. Since 1835, the law in this state has exempted parents, as natural guardians, from accounting for the estates of their children when derived from them. Rev. Code, 1835, 294; R. S., 1845, ——; 1 Wag. Stat., 1872, p. 672, sec. 2. (6) Parol evidence to show the origin of the estate is admissible. *Fontaine v. Boatmen's*, 57 Mo. 552; *Hollocher v. Hollocher*, 62 Mo. 267.

*M. Kinealy* also for appellants, George L. Bobb, Charles Bobb and Cora B. Taylor.

(1) A new accounting should be ordered without compound interest. In taking the account annual balances should have been struck. *In re Cruce*, 81 Mo. 677. (2) Where children have large private fortunes an allowance will be made to the father for their maintenance and education certainly when the father's means are limited. *Matter of Marx*, 5 Abbott's New Cases [N. Y.] 224; *Harring v. Coles*, 2 Bradf. 349, 353; *Matter of Kane*, 2 Barb. Ch. 375, 377, 380; *In re Burke*, 4 Sandf. Ch. 617; *Jervoise v. Silk*, Cooper's Ch. 52; *Maberly v. Turton*, 14 Ves. 499; *Cavendish v. Mercer*, 5 Ves. 195*n*. And such an allowance will be made to reimburse the father for past maintenance, etc. See previous cases, and also *Reeves v. Brymer*, 6 Ves, Jr. 425; *Sherwood v. Smith*, *Id.* 454; *Sisson v. Shaw*, 9 Ves. 285; *Ex Parte Darlington*, 1 Ball and B. 240, side page. (3) The decree of the St. Louis land court is void against George L. Bobb and Cora B. Taylor. *Creath v. Smith*, 20 Mo. 113; *Shields v. Powers*, 29 Mo. 315; *Mathew v. Sprague*, 1 Curtis, 457; *Chandler v. McKinney*, 6 Mich. 217; *Car v. Fielden*, 18 Ill. 77; *Peachy v. Harrison*, 1 Ld. Raym. 252. (4) Mr. Bobb's children are all volunteers and it is settled law that a volunteer cannot

seek the reformation of a deed unless the donor inti-
mates his desire that such relief be decreed. *Adair v.
McDonald*, 42 Ga. 506. (5) In examining the claim
preferred by George L. Bobb and Cora B. Taylor it is
to be remembered that courts of equity are ever eager to
seize on any pretext by which they can secure equality
among children and to preserve the younger from the
greed or rapacity of their elder brethren. *Phillips v.
Phillips*, 50 Mo. 608; *Halfpenny v. Udall*, 9 Mod. 56.
(6) The statutory requirement that a trust must be
created by a written instrument does not apply to such
a case since trusts *ex maleficio* are either expressly or
tacitly excepted from its provisions. Pomeroy Spec.
Perform. 206; *Laing v. McKee*, 13 Mich. 124; *Coyle v.
Davis*, 20 Wis. 593; *Arnold v. Cord*, 16 Ind. 177 : *Cam-
eron v. Waid*, 8 Ga. 245 ; *Hodges v. Howard*, 5 R. I. 149.

*Hitchcock, Madill & Finkelnburg* for John H.
Bobb and Charles L. Bobb's representatives, respon-
dents.

(1) Charles Bobb was not entitled to be credited in
his account as trustee with any sum whatever, as being
the consideration stated in his deed of April, 1843, to
Hannah Letcher, nor should this court reverse or modify.
the judgment below because such credit was not given.
This claim was for the first time set up or heard of in
the appellate court, and for this reason cannot be al-
lowed. *Barnes v. McMullins*, 78 Mo. 276. The claim,
even if it had been raised in time, is without merit.
(2) The cause of action set out in plaintiff's petition was
not based exclusively on the deed from Charles Bobb to
Hannah Letcher, dated April 18, 1843, nor is it true that
the deed in trust from Hannah Letcher to Charles Bobb,
dated January 23, 1845, appeared in the case only as a
matter of evidence. The record itself establishes the
contrary. (3) All pleadings filed prior to the second

amended one, and the answer thereto were abandoned and cut no figure in the case. *Pickering v. Miss., etc.,* 47 Mo. 460; *Township Board v. Hackman,* 48 Mo. 246. (4) Where one deliberately and in the absence of deception and fraud, conveys his property, acknowledging the receipt of a consideration in the instrument of conveyance, parol evidence is inadmissible to show a want of consideration to defeat the deed or to raise a resulting use in favor of the grantor. *Grout v. Townsend,* 2 Hill, 554; 16 Wend. 430; 36 N. H. 86; 29 Me. 410; 16 Conn. 383; 30 Ill. 511. (5) Hannah Letcher was not only competent to, but did, by her deed of January 23, 1845, convey back said lands (except those already conveyed), to Charles Bobb, and could and did impress upon them, by the latter deed, the express trust therein declared, and for the enforcement of which this suit is brought. *McConnell v. Brayner,* 63 Mo. 461; *Hollocher v. Hollocher,* 62 Mo. 267; *Fountaine v. Boatman's Savings Bank,* 57 Mo. 561; *Henderson v. Henderson,* 13 Mo. 153. (6) The appellant is estopped by the decree, in the suit brought by him in the St. Louis land court in 1854. *Spradling v. Conway,* 51 Mo. 54; *Union v. Traube,* 59 Mo. 362. Even without reference to the decree, the petition filed in said suit was a solemn admission of the facts therein stated, and was competent evidence in another suit. *Turner v. Baker,* 64 Mo. 218, 245. (7) The court below did not err in refusing to reform the trust deed of January 23, 1845, so as to let in the appellants, Cora and George L. Bobb, as beneficiaries under the terms of said deed. *Tesson v. Ins. Co.,* 40 Mo. 36; *Lyman v. Ins. Co.,* 17 Johns, 373; *Nevins v. Dunlap,* 33 N. Y. 680; 1 Perry on Trusts, sec. 104; *Ellison v. Ellison,* 1 White & Tudor Lead. Cases [4 Ed.] 382, 389. (8) The report of a referee stands as the verdict of a jury. Where there is any evidence to sustain it, it is to be presumed that the whole evidence was properly weighed and the requisite effect given to it. *Gimbel v. Pignew,* 62 Mo. 242; *Wood-*

*row v. Younger*, 61 Mo. 395 ; *Franz v. Dietrich*, 49 Mo. 95 ; *Western Boatiny Association v. Kribben*, 48 Mo. 37. (9) As a general rule the father must, if he can, maintain his infant children whatever their circumstances may be, and no allowance will be made him for that purpose, out of their property while his own means are ade-- quate for their support. Schouler Dom. Rel. [2 Ed.] sec. 322 ; 2 Kent Com. [12 Ed.] sec. 191 ; *Otte v. Becton*, 55 Mo. 101 ; *Gillett v. Camp*, 27 Mo. 541 ; *St. Ferd. Acad. v. Bobb*, 52 Mo. 357. (10) The trustee was rightly charged, by the final decree, with the costs in this case. R. S., 1879, sec. 990 ; *Dupont v. McLaran*, 61 Mo. 502 ; *Hawkins v. Nowland*, 53 Mo. 329 ; *Walton v. Walton*, 19 Mo. 667. (11) No such rule of law exists as alleged, under which courts of equity will reform a voluntary conveyance, on the ground of mistake, upon proof less clear or convincing than is required in case of any other conveyance. Equity grants relief on the ground of mistake, in order to carry out the real intent of the parties ; and the proof of that intent, and that it was or will be defeated through a mistake, is not affected by the question of consideration. The courts below rightly refused to change the provisions and effect of the deed of January 23, 1845, for the benefit of this appellant on the ground of mistake set up in Charles Bobb's answer.

BLACK, J.—On April 18, 1843, the defendant, Charles Bobb, conveyed to Miss Hannah Letcher nine parcels of land in the city of St. Louis. This deed is in the usual form and expresses no trust. On the twenty-third of January, 1845, Hannah Letcher conveyed the same property, except three parcels which had been sold to Charles Bobb, in trust for the sole use and benefit of Mary H. Bobb, wife of said Charles and their children, Charles L., John H., and Lucy G. Mary H. Bobb died in 1853. There had been born to her and Charles Bobb, since the

execution of the deed of trust, two children, Cora and George. In 1854 Charles Bobb, as trustee and father and guardian, instituted suit against Hannah Letcher, the object of which was to procure a reformation of the deed of trust so as to allow him to sell the property or any of it without the written consent of the children. The deed was reformed as prayed. From 1845 to the institution of this suit, the trustee sold portions of the property, collected rents from the houses on the property when the deed was executed, built others and collected rents therefrom. The object of this suit is to compel an accounting. An interlocutory decree to that effect was made and a reference had. Objections to some of the items of account in the report of the referee were sustained, and as to those and the matter of compensation of the trustee, the cause was again referred. From the final decree entered upon these reports, Charles Bobb and some of the other defendants have appealed.

1. Of the many reasons assigned to set aside the final and interlocutory decrees, some of them relate to rulings on the pleadings previous to the second amended petition. Those prior pleadings are to be regarded as abandoned. None of these complaints go to this amended petition or the defendant's pleadings filed subsequently thereto, and hence, the rulings complained of need not be considered.

2. The trustee now claims that he should have had a credit of ten thousand dollars, because that amount is recited as the consideration in the deed from him to Hannah Letcher. The conceded fact is that no consideration was ever agreed to be paid. Besides this he does not appear to have made any such a claim in the trial court, and it cannot be made here for the first time, even if t had any show of right.

3. Two other objections are to the effect, that the deed of 1843, to Hannah Letcher, was without consideration, and, therefore, left the estate in defendant divested

of all trust, and she had nothing to convey by the deed of 1845. There was, in reality, no consideration paid by Hannah Letcher, or any one else for the deed of 1843, though it recites a consideration of ten thousand dollars. There was a show of passing a bag of silver back and forth, but it was for the purpose merely of giving color to the transaction, still this can make no difference. No trust resulted to Charles Bobb because of that fact. The consideration expressed in a deed is open to parol explanation for most purposes. But a want of consideration cannot be shown against the recitation in the deed for the purpose of defeating the operative words of the deed, as for the purpose of showing a resulting trust in the grantor. *Henderson v. Henderson, Ex'rs*, 13 Mo. 151; *Hollocher v. Hollocher*, 62 Mo. 273; *McConnell v. Brayner*, 63 Mo. 463; *McCree v. Purmort*, 16 Wend. 475; *Farrington v. Barr*, 36 N. H. 86; *Kimball v. Walker*, 30 Ill. 511.

Besides this, Charles Bobb joined in the deed of 1845. He does not deny the express trust created by that deed; on the contrary, by his answer he asserts, and in the most solemn form affirms, the trust. Indeed, he asks that the trust deed may be reformed so as to place the two after born children upon a footing equal with those named therein, whereas, now they only inherit shares in their mother's interest.

But the trustee does contend that the plaintiff's case made by the bill is made to stand on the deed of 1843, while the decree, he insists, is made to rest on the trust deed. As to the deed of 1843 the petition does allege, that while it was made without any trust being expressed, yet it was fully understood between Miss Letcher and Mr. and Mrs. Bobb, that she was to hold the legal title for Mrs. Bobb and her children then living. But the petition goes on and sets out the deed of trust, the decree correcting the same, and the interests of the parties thereunder, the sale of property and collection of rents thereafter.

There can be no doubt but the deed of trust is also made the foundation of the relief asked. . Indeed, the interlocutory decree as to the first count appears to be based solely upon the deed of trust of 1845.

4. Miss Hannah Letcher, now Mrs. Stevenson, was an intimate and trusted friend of Mr. and Mrs. Bobb, staying sometimes at their house, and it was for this reason she was requested to, and did take the deed. She executed the deed of trust before her marriage She says that Charles Bobb requested her to take the deed of 1843, for the benefit of his wife and children, Charles L., John H., and William H.; that Mrs. Bobb was opposed to making the deed, saying that she thought the property was safer with her husband, and they might have more family, when Charles said he would attend to that. Mrs. Stevenson says when the deed of trust was made, William was dead, and Lucy had been born, and she understood Lucy was to take the place of William. The whole tenor of her testimony is opposed to the theory of any mistake. Charles Bobb testified that he made the deed of 1843 to satisfy the fears of his wife; that he had been compelled to take an interest in a boat, and was about to go on the river, and she was afraid he would become embarrassed; that when Hannah Letcher was about to get married, he talked the matter over with his wife, and they concluded to take the property back, and that the understanding was, she would convey it to him in trust for his wife and their children, born and to be born. This effort to correct the deed of trust is made for the first time some twenty-four years after it was made. Besides this, the petition of Charles Bobb, to have the deed corrected, in the matter before mentioned, and which was sworn to by him, sets out the interests of the parties, including those of George and Cora, precisely as if there had been no mistake in the respect under consideration. During all this time he had administered the trust on

the theory that there was no mistake. Under these circumstances, and on his evidence thus contradicted by his own acts, no court would be justified in decreeing a reformation of the deed. The deed may have been an unwise act, and not made with sufficient forethought, but the evidence is too uncertain to show that it was not prepared in accord with the then intention of the parties thereto.

5. The further objection to the decree is that the trustee was charged with six per cent. interest on balances in his hands compounded annually. Whether a trustee should be charged with any interest upon moneys in his hands, and if he is, then at what rate, must depend much upon the particular facts of each case. As to surviving partners and administrators where there has been no delay in collecting and paying out the funds, they are not to be charged with any interest. *Gregory v. Menefee*, 83 Mo. 413. But in this state it has been held where the administrator used the moneys not for the interests of the estate, but for his own purposes, he might be charged with the highest rate of interest. *In re Davis*, 62 Mo. 454. And on moneys in his hands, and not reported but used by himself he should be charged with ten per cent. interest compounded annually. *Williams, Adm'r, v. Petticrew*, 62 Mo. 472. Again where there was unreasonable delay in making settlements ten per cent. with three rests in fifteen years was approved. *Scott v. Crews*, 72 Mo. 268. The doctrine that compound interest may be exacted by way of a punishment for breach of trust, has recently been repudiated by this court. *Cruce v. Cruce*, 81 Mo. 684.

In Perry on Trusts, section 471, it is said: "If he (the trustee) has so mingled the money and the profits with his own money and profits that he cannot separate and account for the profits that belonged to the *cestui que trust*, the *cestui que trust* may have legal interest computed with annual rests, in order to compound it." Again, "The burden is on the trustee to show that

he made no profits or received no benefit from the money ; and if he refuses to account or to show the amount of profits received, the court will give compound interest, in order that it may be certain the *cestui que trust* gets the profits of the trade or business in which the trustee has employed the money." On the one hand it appears from the report of Mr. B. Gratz Brown, to whom the question of compensation of the trustee was referred, that defendant gave to this property close and careful attention ; he built many houses upon it ; kept them in repair and collected the rents. In short he made a valuable property out of his own donation to these children, and is not chargeable with any neglect in that behalf which could distinguish the trust estate from his individual interests.

On the other hand the same referee reports that the attention given by the trustee to this property did not seriously interfere with his other business; that he carried on his private business in connection with the trust and the accounts of the trust were largely commingled with his own. He was engaged in trade, in warehousing, in lending money, in improving other property, and for a time in mining. It would seem no accounts of the trust funds were kept for a large portion of the time, and no accurate accounts were produced. It is true the interlocutory decree did direct the referees to compound interest on balances annually at ten and at six per cent. per annum, so that in reality they never passed upon the rate of interest to be charged or when or how often compounded. The final decree, however, finds that these balances were used by the trustee from time to time for his own profit by loaning the same at a high rate of interest and by otherwise employing the same for his individual benefit without accounting for the profits so realized, and it then proceeds to adjudge him accountable for interest on the balances at six per cent., compounded with annual rests.

The evidence reported by the referees and that upon which this finding of the court was made, is not preserved in this record, and we must take the reports of the referees in so far as they were confirmed, and the findings of the court, as correct. It is manifest from these reports alone, that some method of charging interest, in lieu of profits, had to be adopted, and we cannot say from this record and the authorities cited, there was any error in this respect. We do not see that section 5560, Revised Statutes, has any application to this case. The defendant undertook to execute this trust, and the law everywhere is, when the proper time comes, the trustee must account to the beneficiaries.

The judgment of the court of appeals is affirmed. All concur.