JOHN M. HICKMAN, SR., Plaintiff, v. JOHN M. HICKMAN, JR., Appellant, THOMAS J. HICKMAN *et al.*, Respondents.

Kansas City Court of Appeals, November 5 and December 4, 1893.

1. **Deed:** CONSIDERATION: PAROL EVIDENCE. The consideration of a deed is ordinarily open and not concluded by that which is recited, and additional consideration may be shown, but it must not be inconsistent with the terms of the deed itself.

2. ————: GENERAL WARRANTY: PAROL AGREEMENT: RESERVATION OF POSSESSION. A contemporaneous oral agreement that the grantor in a general warranty deed is to remain in possession of the premises and enjoy the profits thereof, is inconsistent with the deed itself purporting to convey the title, and is in contradiction to the covenants therein.

3. **Sales:** WHAT IS BOUGHT. *Arguendo*, the sale of a thing imports, from its very nature, the obligation on the part of a seller to secure to the purchaser the possession and enjoyment of the thing bought, the right to possess and enjoy being really that which is purchased.

4. **Deed:** CONSIDERATION: PAROL AGREEMENT: RESULTING TRUST. On motion for rehearing, the authorities are further reviewed and the foregoing propositions again asserted, and it is further *held*, that the consideration of a deed cannot be so questioned by parol as to have the effect to create a resulting trust in the grantor.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED.

*Spencer & Mosman* for appellant.

This defendant, in his amendment to his answer made to put in issue the new matter, introduced by the amendment into said "cross bill," specifically called the attention of the court to the deed and to the fact that no recovery on the grounds stated in said amendment could be had under said deed. Defendants, Thomas and Richard Hickman, introduced in evidence their deed to this defendant for the land. This deed contained no such contract as that stated by John M. Hickman in his evidence, in relation to his codefendants retaining for eight years the possession of forty-five acres of this land. This evidence was in direct contradiction to the deed, for it by its terms the possession of the entire land was delivered to John M. Hickman. No rule of evidence is better settled than that which declares that parol evidence cannot be received to contradict the terms of valid written instruments. *Tracy v. Iron Works*, 104 Mo. 198, 199. Such instruments are held to supersede all prior contracts relating to the same subject-matter, whether verbal or written, and in the absence of fraud or mistake, the law conclusively presumes that the whole engagement and the extent and manner of the undertaking is contained therein. *Chrisman v. Hodges*, 75 Mo. 413; *Morgan v. Porter*, 103 Mo. 140; *State ex rel. v. Hoshaw*, 98 Mo. 358. We objected to the investigation of these collateral issues when first presented, and strenuously opposed the application of said codefendants for leave to amend their cross bill, but our objections were over-

ruled and our opposition disregarded.   We urge that the court erred in both of said rulings.

*Hall & Pike* and *Franklin Porter* for respondents.

"The consideration expressed in a deed is open to parol explanation for most purposes." *Bobb v. Bobb,* 89 Mo. 419.   The evidence was within the rule. *Williams v. Railroad,* 112 Mo. 485.

### STATEMENT BY ELLISON, J.

THIS was a suit brought by John Hickman, Sr., against Thomas J. Hickman, and Richard G. Hickman, to enforce a vendor's lien for the unpaid balance of the purchase money due from said Richard and Thomas to him, against the land in the hands of their brother and codefendant, John M. Hickman, who had purchased it of his codefendants.   The petition charged that John M. Hickman purchased with notice that a part of the purchase price was still unpaid by his vendors, and prayed judgment against Thomas. J. Hickman and Richard G. Hickman for the amount of the debt, and that the same be declared a first lien upon the land of the defendant John M. Hickman, and that it be ordered to be sold to satisfy the same.

The separate answer of defendant, John M. Hickman, was a general denial.

Defendants, John J. Hickman and Richard C. Hickman, answered, admitting all the allegations of plaintiff's petition, and, with the consent of plaintiff first had and obtained, proceeded to set up in the same pleading a cross action in their favor and against their codefendant, John M. Hickman, charging that they had sold and conveyed the land mentioned in the petition to defendant, John M. Hickman, for the price of $6,850; that he had paid $3,743.30, by discharging

an incumbrance on the land; and that the balance, $3,106.70 remains wholly due and unpaid, for which sum and the interest thereon, they asked judgment against said John M. Hickman.

Defendant, John M. Hickman, filed his motion to strike said cross bill from the files, which was overruled.

Defendant, John, M. Hickman, then filed an answer to said cross bill, in which he admitted that he purchased said land of his codefendants and received a deed therefor, and denied that he ever at any time agreed to buy the land at the price stated, or ever agreed to pay such sum for the land. He charged that said land was about to be sold under a mortgage; that his codefendants were afraid that it would not bring the amount due on the mortgage as the purchase price thereof; and defendant charged that he had kept and performed in full his agreement, and defendant further pleaded a general denial to all the averments of said cross bill.

A jury having been waived and the evidence being all introduced, the plaintiff and defendants submitted all and singular the matters to the judgment of the court. Whereupon the court announced its decision in favor of plaintiff, John M. Hickman, Sr., upon the cause of action stated in the petition, and also in favor of said John M. Hickman upon the cross bill filed by his codefendants. Whereupon, the defendants, Thomas J. and Richard Hickman, prayed the court for permission to amend their cross bill so as to conform to the evidence given in the case. Defendant, John M. Hickman objected, for the reason that it introduced a new and entirely different cause of action from that declared on in the cross bill; that they could not declare on one cause of action and recover upon another; that the evidence, which was wholly irrelevant, was objected to

at the time because irrelevant and immaterial, and because the judgment could not be attacked in this collateral way. Which objections were overruled and defendants were permitted to amend their cross bill by adding the following: "That defendant, John Milton Hickman, also, in addition to said consideration, agreed that these defendants should remain in possession of the south forty-five acres of the land above described, for the period of eight years from said date, and to have the full use and enjoyment thereof, to make all they could out of it. That in violation of his agreement with them the said Milton ejected them from the premises, and in April, 1891, ousted them therefrom, and has ever since kept them out of the use and occupation of said land, to their damage in the sum of $1,200."

Defendant, John M. Hickman, duly excepted to the ruling of the court permitting said amendment, and thereupon amended his answer to the cross bill, as follows, to-wit: "Defendant, John M. Hickman, for answer to the amended cross bill of his codefendants, seeking a recovery on the ground that they had been deprived of the possession of from forty to forty-five acres of land, which it is alleged, under the contract of sale, they were entitled to the possession of for eight years, say, that in an action brought by him against said defendants, in division number 2, of this court, he was awarded possession of said land by the judgment of said court; that said action was tried upon its merits, after a full investigation of all the matters and things set up in said amended cross bill, on which a recovery is now sought, and said judgment remains unappealed from and conclusive upon the parties, and this defendant pleads the same in bar of any recovery upon the facts in said amended cross bill stated. Defendant further says that under the deed from said

codefendants to this defendant, no recovery can be had upon the matter in said amended cross bill stated.''

The matters being again submitted to the court, it found that defendant, John M. Hickman, had agreed to let his codefendants have possession of the house and forty-five acres off the south side of said land for a period of eight years; that he had ejected them from the possession thereof, on March 5, 1892, by process issued to enforce the judgment of the circuit court in an action brought by him against his codefendants, and that the rental value of said premises was $765. Whereupon the court found for the defendants, Thomas J. Hickman and Richard G. Hickman, and against John M. Hickman, for said sum of $765, with interest from date, and declared that the same be a lien on said land, and that the same be sold to satisfy the same.

ELLISON, J.—By reference to the statement in this cause it will be seen that defendant, John M. Hickman, purchased the lands described of his codefendants, Thomas and Richard; that Thomas and Richard executed to him a general warranty deed in fee simple for the premises in which deed the consideration is expressed to be ''the sum of $6,850, to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged.'' To support their cross bill, defendants, Thomas and Richard, were permitted to show that there was an additional consideration for the conveyance, not expressed in the deed, viz., that said John M. Hickman, the grantee, was to permit Thomas and Richard to remain in possession and use of forty-five acres of the land conveyed for eight years from the date of the deed; that he refused to so permit them, but on the contrary ousted them therefrom to their damage in the

sum of $765. And the court found for defendants, Thomas and Richard under this evidence.

It is quite true that the consideration in a deed is ordinary open and not concluded by that which is recited. We went over this ground in *Jackson v. Railroad*, — Mo. ——. You may show additional consideration to that recited in the deed, but it must not be *inconsistent* with the terms of the deed itself. The additional consideration which the court here permitted to be shown was inconsistent with the conveyance of the title as expressed in the *deed*. The deed without reservation purported to grant the land *itself* with all which that implies.

Such a deed is, in effect, a deed to the possession and enjoyment of the premises. "The sale of a thing imports, from its very nature, an obligation on the part of the seller to secure to the purchaser the possession and enjoyment of the thing bought, *the right to possess and enjoy being really that which is purchased."* *Dickson v. Desire*, 23 Mo. 151. It is "an ancient maxim of the law that no title is completely good, unless the right of possession be joined with the right of property; which right is then denominated a double right, *jus duplicatum,* or *droit-droit.* And when to this double right the actual possession is also united, when there is, according to the expression of Fleta, *juris et seisinae conjunctio,* then, and then only, is the title completely legal." 2 Blackstone, 199.

Besides this, the deed here contained covenant of indefeasible seisin in fee simple; as also the covenant of quiet enjoyment which means, as its terms imply, that it shall be lawful for the grantee to peaceably enter at any and all times and to enjoy the shelter and profits of the estate without let or hindrance from the grantor, or other persons claiming under him. 3 Washburn on Real Property, 660 (side page).

It is thus apparent that a contemporaneous oral agreement that the grantor in a general warranty deed is to remain in possession of the premises conveyed and enjoy the profits thereof, is inconsistent with the deed itself purporting to convey the title, and is in contradiction to the covenants therein as herein indicated. Proof of such an agreement under the guise of additional consideration, would be in the face of the chief operative effect of a deed. It would nullify the deed by oral testimony. If it is allowable to show by oral testimony that the grantee in a deed is not to have possession and use of the land conveyed for eight years, it would be equally as proper to show the term to be any longer period, which is but a step from an *entire* destruction of the grantee's estate. "Where the operation of the deed, in respect to the interest or estate purporting to be conveyed, is sought to be affected, such testimony is inadmissible." *Henderson v. Henderson*, 13 Mo. 151.

The amendment setting up the aforesaid additional consideration for the deed aforesaid, and the evidence in support thereof, were improperly allowed. The judment will be reversed. All concur.

ON MOTION FOR REHEARING.

ELLISON, J.—We are asked to grant a rehearing in this case on the ground that the opinion is not in harmony with *Aull Savings Bank v. Aull*, 80 Mo. 199. In that case the familiar principle of law that the consideration clause in a deed can be explained or contradicted is asserted and the evidence in that was said not to contradict the terms of the deed. The action was by the grantee for the rent of a room occupied by the grantor at the time and for a long period after conveying the property to the grantee. The court expressly

conceded that "a reservation of real estate can only be made by deed." And then proceeded to say that; "The question is not what the parties could do, *but what did they do.*" The court then adds that if the plaintiff in that case without a reservation formally made in the deed granted to defendant certain privileges (that of occupying the room) it is quite too late after years have gone by, to raise the point now that the reservation of those privileges should have been made in the deed with all the formality incident to a technical reservation. That the court never intended to say that you may restrict the operation of the deed as a conveyance of the absolute title by parol testimony, under the guise of inquiring into the consideration, is quite evident from the expressions of that court both before and since the *Aull case.* "Where the operation of the deed, in respect to the interest or estate purporting to be conveyed, is sought to be affected, such testimony is inadmissible." *Henderson v. Henderson,* 13 Mo. 151. Judge SHERWOOD, speaking of parol proof of consideration in *McConnell v. Brayner,* 63 Mo. 464, says that: "It is not permitted by parol to so vary or control the operative words of the deed as to defeat it as a conveyance." And so he gives expression, in effect, to the same thing in *Lambert v. Estes,* 99 Mo. 808. And so BLACK, J., speaking for the court in *Bobb v. Bobb,* 89 Mo. 419, says that inquiry against the recitation of the consideration clause cannot be had for the purpose of defeating the operative words of the deed, citing *Henderson v. Henderson, supra.*

That proof in the case at bar that the grantors were to remain in possession, occupancy and enjoyment of the fruits of the property they had absolutely conveyed by deed to the grantee was proof of a reservation, there cannot be the slightest doubt. The

operative effect of the deed was, of course, to place the grantees in the possession and profits of the land; the evidence admitted was a restriction of this effect of the deed. And having this effect it should not have been admitted. The rule permitting evidence to vary the consideration of a deed is limited to such evidence as is consistent with the operative effect and purpose of the deed. "Its legal import cannot be varied." *Kimball v. Walker*, 30 Ill. 511; *Godfrey v. Beardsley*, 2 McLean, C. C. 414; *Grount v. Townsend*, 2 Denio, 339; *Morese v. Chattuck*, 4 N. H. 230; *Rhine v. Ellen*, 36 Cal. 369; *Farrington v. Barr*, 36 N. H. 86; *Goodspeed v. Fuller*, 46 Me. 147.

The grantor "is forever estopped to deny his deed for the uses and purposes therein mentioned." So far as the deed is intended by its terms to pass a right, it cannot be contradicted. *McCrea v. Purmont*, 16 Wend. 460, and authorities cited. All of the foregoing cases agree that the consideration cannot be so questioned by parol as to have the effect to create a resulting trust in the grantor. And this is, in effect, what is sought to be accomplished in this case. The motion will be overruled.