(59 Misc. Rep. 381.)

### GENUNGE v. MURPHY.

(City Court of New York, Special Term. May, 1908.)

WILLS—CONSTRUCTION—ESTATES CREATED—"VESTED" OR "CONTINGENT."

Real Property Law, Laws 1896, p. 564, c. 547, § 30, declares a future estate to be vested when there is a person in being who would have an immediate right to the possession of the property on the determination of the intermediate or precedent estate, and contingent while the person to whom or the event on which it is limited to take effect remains uncertain. Testator gave to his widow the use of the residue of his estate for life or until her remarriage, on the happening of either of which events he gave such residue to his children equally, the children of any child, who at that time might be deceased, to take the share the parent would have taken. *Held*, that the will created a vested, and not a contingent, remainder in testator's children.

[Ed. Note.—For other definitions, see Words and Phrases. vol. 2, p. 1502; vol. 8, pp. 7614, 7302–7303, 7827.]

Motion for the appointment of a receiver in supplementary proceedings by Harvey Genunge against Mary E. Murphy. Motion granted.

Cortlandt Betts, for plaintiff judgment creditor.

James P. Albright, for defendant judgment debtor.

McAVOY, J. The determination of this motion requires the construction of a paragraph of the will of the father of the judgment debtor, Moses Murphy, which reads as follows:

"2. I give and bequeath unto my beloved wife Ann the use of all the residue of my estate, personal and real, during the term of her natural life, if she shall so long remain my widow. On her death or when she marries again I give and bequeath said residue of my estate unto my children in equal parts or shares; the child or children of any child of mine who at that time may be deceased, shall take the part in such division which his. her or their parent would have taken if then living."

The examination in supplementary proceedings herein discloses that at the time of the decease of the testator his widow and three children survived him, and that the real property of Moses Murphy was thereafter sold and converted into cash in the sum of $15,000, which fund

is now deposited, the income arising therefrom being paid to the widow of the testator during her life, and the corpus being reserved for distribution after her death to the surviving children.

It is contended on behalf of the judgment creditor that the clause of the will heretofore recited created a vested remainder, after the determination of the particular estate to the widow, in each of the children surviving, at the date of the death of the testator, from which time the will speaks. If this be so, then a receiver may be appointed for the vested interest, which is alienable, in so far as the fund is distributable to the judgment debtor. Upon the other hand, the debtor contends that the remainder is contingent, not alienable, and therefore that a receiver, if appointed, could take no title. In 2 Washburn on Real Property, p. 553, the author says:

"One property of a vested remainder is that it may be aliened by any form known to the law which does not require a formal livery of seisin or passing of actual possession. But there is the same restriction as to conveying a freehold to commence in futuro, when applied to remainders, as applies to other estates. Such remainder may be devised, assigned, or limited over and made subject to contingencies and trusts at the will of him in whom it is vested; and, though only a right of future enjoyment, it is an estate in præsenti."

See, also, Reeves, Real Prop. 730, 731.

Under Real Property Law, Laws 1896, p. 564, c. 547, § 30, a future estate is described as either vested or contingent—vested, when there is a person in being who would have an immediate right to the possession of the property on the determination of the intermediate or precedent estate; contingent, on the other hand, while the person to whom or the event on which it is limited to take effect remains uncertain. There is no doubt but that there are persons in being who would have an immediate right to the possession of the property on the death of the widow of Moses Murphy, which will be the determination of the particular estate. The test is not whether the remainderman may live to the enjoyment of the estate, but whether or not, if, at the time of the donor's death, or thereafter, the particular estate were determined, by an event which must happen, there are persons in being entitled to enjoy the remainder. Because there is liable to be a defeasance of the estate in remainder, so far as the person in whom it is now vested is concerned, does not make the estate on that account a contingent one. Lawrence v. Bayard, 7 Paige, 70. The remainder is vested where the interest is fixed, although it may be uncertain whether it will ever take effect in possession. Grout v. Johnson, 2 Denio, 336.

It is clear, therefore, that the estate here in question is a vested remainder, and not an estate limited upon some contingency which is uncertain of happening. The condition that it may be defeated by the death of the remainderman prior to the determination of the particular estate is a condition subsequent, and does not limit the title of the judgment debtor herein so that it cannot be assigned. Real Prop. Law, Lemsey, 18.

The motion must, therefore, be granted. Submit formal order appointing a receiver.

Motion granted.