HARPER'S ADMINISTRATOR, Plaintiff in Error, *vs.* THE PHŒNIX INSURANCE COMPANY, Defendant in Error.

1. A policy of life insurance contained a clause by which it was avoided, if the assured should die in the known violation of a law of the state. *It was held that*, under this clause, the policy would not be avoided, if the assured was killed in an altercation, under circumstances which would make the slayer guilty of manslaughter. To avoid the policy, the killing must have been justifiable or excusable homicide.
2. What constitutes a killing in self-defence, is a question of law.

*Error to St. Louis Court of Common Pleas.*

*Glover & Richardson* and *S. M. Breckenridge*, for plaintiff in error. The burden of proof was on the defendant to show that Harper died in the known violation of a law of this state. The question is not, whether Coryell was justifiable or excusable in killing Harper, under the circumstances given in evidence. A man may be killed when he is doing nothing wrong and is not intending to do any thing wrong, but when an apprehension that he is, is falsely made upon the mind of his assailant. But the naked question under this policy is, whether Harper was *actually* violating the law of this state, at the time of his death. The evidence shows that, at the time of his death, Harper had no pistol in his possession, and had retreated from the conflict when he was killed. If Coryell's guilt or

8—VOL. XVIII.

innocence is in question, the evidence shows that he was guilty of felonious homicide. Roscoe's Crim. Ev. Philad. ed. 1840, side pages, 640, 670. 1 East P. C. 239. 1 Hale P. C. 457. R. C. 1845, p. 344. 6 Mo. Rep. 241.

*E. & B. Bates* and *T. B. Hudson*, for defendant in error. 1. The evidence supports the finding of the court below, and the finding supports the judgment. This court will not, therefore, reverse. *Givin* v. *Cody*, 15 Mo. Rep. 277. Ib. 278. *Fine* v. *Rogers*, ib. 320. The finding of a court will be treated with as much consideration as the verdict of a jury. 2. The policy is avoided, if Harper's death was the direct consequence of his having violated the law of the state, in assaulting Coryell, whatever may have been Coryell's guilt. The fact that Harper afterwards retreated from the conflict makes no difference, if it were true, but the evidence shows that he had not retired from the conflict.

Scott, Judge, delivered the opinion of the court.

This was an action on a life policy. One of the conditions of the policy was, that, should Harper die in the known violation of a law of this state, then it should be void. The case was submitted to the court without a jury, and after hearing a great deal of evidence in relation to the manner by which Harper came to his death, who was killed in a fight begun on the street, and which was afterwards continued in a store house, where Harper was shot with a bullet from a pistol, the court found the facts to be : " That Harper, by opprobrious and insulting language, provoked a verbal altercation with Coryell, and that during said altercation, said Harper drew a pistol and attempted to shoot said Coryell ; that thereupon, Coryell, in self-defence, shot said Harper, whereby said Harper died, in the known violation of a law of this state."

1. The evidence preserved in the record shows, that the finding of the court is defective in not stating the circumstances immediately preceding the death of Harper. If he was slain

under a state of facts that would make his death manslaughter, we are not prepared to say that the policy would thereby be avoided. To have that effect, his death must have been under circumstances that would make the slayer excusable.

2. The court finds that the killing was in self-defence. That may be so; but what constitutes a killing in self-defence, is a question of law. The case found is one clearly of self-defence. But there are circumstances detailed by the witnesses which raise a question, whether the killing was in self-defence or criminal. These circumstances should be found and stated with precision, in order to determine that question. This omission in the finding renders it impossible for this court to declare whether the policy was avoided by a breach of the condition.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded. Judge Gamble not sitting.