FREELAND, Respondent, *vs.* ELDRIDGE, Appellant.

1. Where the trial is by the court, and no motion for a review is made, as required by the code, the supreme court will only look to see whether the facts found support the judgment.
2. A conveyance obtained without sufficient consideration from a man of weakened intellect by a person having influence with him, practising upon his passions, will be set aside.

### *Appeal from Weston Court of Common Pleas.*

*A. Leonard,* for appellant. 1. The relief sought is exclusively a matter of equity jurisdiction, and the appeal therefore subjects the whole case, fact and law, to the review of this court. 2. The evidence does not repel the presumption of the fairness of the conveyance, or establish the alleged fraud.

*Gardenhire,* for respondent. 1. The facts found by the court below warranted the decree. 1 Story's Eq. §238. *Bridgman* v. *Green,* 2 Vesey, sr. 626. *Clarkson* v. *Henway,* 2 P. Will. Rep. 203. *Griffith* v. *Robins,* 2 Madd. Rep. 105. *Underwood* v. *Brockman,* 4 Dana, 319. 2. No motion for a review having been made, if the facts found warrant the conclusions of law pronounced upon them, the judgment will not be disturbed. *Skinner* v. *Ellington,* 15 Mo. Rep. 488.

GAMBLE, Judge, delivered the opinion of the court.

1. In this case the trial was by the court, and the judgment was rendered for the plaintiff. The decision of the court, finding the facts and pronouncing the law, was made, but no application for a review was made in conformity to the code of

practice. This court can in such case look only to the decision of the court below, to see whether the facts found warrant the judgment which has been rendered.

2. The petition seeks to set aside a conveyance made by plaintiff to defendant, on the ground that it was obtained from the plaintiff without any consideration, and by practising upon his fears, at a time when he was in a condition of mental imbecility, and incapable of managing his affairs; that the practices were such as to fill his weakened mind with apprehensions which were artfully encouraged by defendant, and by the wife of plaintiff, who was the daughter of defendant, and under the influence of those fears, and by the persuasions of the defendant and the wife of plaintiff, the conveyance was made.

The court finds that the conveyance of the land by plaintiff to defendant was without consideration; that a note for $1800, which was given by the defendant to his daughter, the plaintiff's wife, for the consideration of the land, was intended merely to cover the transaction, and was returned by the daughter to her father, the defendant, without his paying any money thereon; that, at the time of the conveyance, the defendant was in a weak and imbecile state of mind, though not insane; that his mind was greatly impaired; that this weakness of mind was, to a considerable extent, produced by the conduct of defendant and plaintiff's wife; that he was falsely induced by them to believe that he was in great danger, and could only be protected by conveying his property to defendant, who was his best friend, and leaving the country; that, under the influence of this fear, produced by the fraud and circumvention of defendant operating on the weakened intellect of plaintiff, he was induced to make the conveyance of his property; that there was a combination between defendant and plaintiff's wife, to procure a separation between plaintiff and his wife, and to procure his property; and to effect this object, the means and appliances before stated were used. The court, therefore, found for the plaintiff. A judgment was rendered setting aside the conveyance.

There can be no doubt that the facts here found warrant the judgment of the court setting aside the conveyance. It is the familiar law of a court of chancery, that a conveyance obtained without sufficient consideration, from a man of greatly weakened intellect, by a person having influence with him, practising upon his passions, will be set aside. The judgment is, with the concurrence of the other judges, affirmed.