White v. Walker.

---

WHITE, Respondent, v. WALKER AND OTHERS, Appellants.

1. Under the practice act of 1849, where a statement of facts is agreed upon by the parties, no finding of facts is necessary.
2. Where a party prosecuted as a vagrant under the statute, (R. C. 1845,) is discharged, judgment for costs may be given against the informer.

*Appeal from Greene Circuit Court.*

Action in the nature of trover for the conversion of a mare. The defendants justified under an execution issued by a justice of the peace against the plaintiff, for the costs of a prosecution commenced upon his information against certain parties as vagrants, who were acquitted of the charge. The cause was submitted on an agreed statement of facts, which is set out in the opinion of the court. Upon this statement, a judgment for the

White v. Walker.

value of the mare, which was found to be fifty dollars, was rendered against two of the defendants, viz. : Walker, the justice of the peace who rendered the judgment and issued the execution under which the mare was sold, and Ayres, the purchaser, from which those parties appeal.

*Gardenhire* and *Hendrick*, for appellants. 1. The facts not having been first stated in the decision of the court, the judgment must be reversed. (New Code, art. 15, § 2; 16 Mo. 129; 17 Mo. 550; 18 Mo. 109, 483; 19 Mo. 325; 20 Mo. 99, 132, 133, 262.) 2. White was the prosecutor by reason of being the informer, and was liable for the costs. (Act concerning costs, R. C. 1845, p. 248, § 4; act concerning vagrants, p. 1070, § 3.)

*F. P. Wright*, for respondent. 1. As the facts were agreed upon, no finding was necessary. 2. The 4th section of the act concerning costs in criminal proceedings does not apply to informers against vagrants, and they are not liable for costs.

RYLAND, Judge, delivered the opinion of the court.

The following agreed case was submitted by the parties to the court below for its decision, viz : " Walker being a justice of the peace, upon the information and at the request of plaintiff issued his warrant against certain persons, under the vagrant act, as vagrants, and on a trial thereof, the above named plaintiff appeared and conducted, by leave of the court, the same against said supposed vagrants ; and the vagrancy failing to be established, they were acquitted and discharged, and the said Walker, as such justice, rendered judgment against the above named plaintiff for the costs of said proceeding. Afterwards, said Walker, as such justice, at the instance of one of said supposed vagrants, issued an execution on said judgment for costs, and it was placed in the hands of Solomon Willis, who was the constable authorized to execute it ; and said Willis, as such constable, levied said execution on, and by virtue thereof sold, plaintiff's mare mentioned in the petition,

the sale being forbid by plaintiff; and said Ayres was the purchaser at the price of ———; that said Willis appropriated the proceeds of said sale, part to the payment of said judgment for costs, and tendered to said plaintiff the residue. Ayres removed said mare and appropriated her to his use; that said plaintiff forbid said sale of said mare at the time of said sale publicly; that said plaintiff afterwards demanded said mare of said Ayres, and that the damage, if any, is to be established by the court on further inquiry by testimony.

> " WM. C. PRICE, Att'y for White, pl'ff.
> " L. HENDRICK, Att'y for def't."

1. Upon this, the first question of importance is, does the agreed statement of facts do away with the necessity of the finding of the facts by the court? Every fact is agreed to, except the value of the mare sold; this was found by the court to be fifty dollars. When the facts are agreed to by the parties and submitted in writing to the court for its judgment, as to the law, there is no necessity for the court again to find the facts. They appear by the agreement. The only fact not agreed to here, was found by the court. So the record presents the facts agreed to and found. There is no weight, then, in the objection on this ground: the cases referred to by the plaintiff's counsel, of Brant v. Robertson, 16 Mo. 129; Bates v. Bower, 17 Mo. 550; Harper's adm'r v. Phœnix Ins. Co., 18 Mo. 109; Barberick v. Reid, 18 Mo. 473; Freeland v. Eldridge, 19 Mo. 325; State, to the use of Reyburn, v. Ruggles, 20 Mo. 99; Davis v. Rozier, ib. 132; Jamison's adm'r v. Hughes, ib. 133, and Whyte v. Burnett's adm'r, ib. 262, are not similar to the one now before the court, and afford no strength to the objection on this point.

2. The next question is, had the justice of the peace authority to give judgment against the informer for the costs of the prosecution? By the 3d section of the statute concerning "Vagrants," (R. C. 1845, p. 1070,) any justice of the peace of the county shall, upon information, or of his own knowledge, issue his warrant to the sheriff or constable to bring such per-

son (that is, the supposed vagrant) before him. The 4th section prescribes the proceedings by which it is to be ascertained whether the person is a vagrant or not; and also the punishment for the offence. This punishment is a serious forfeiture; for it consists in depriving the vagrant of his right to manage and conduct himself as a freeman ; and he is to be hired out for six months to the highest bidder, for cash in hand: he is virtually reduced to servitude for that time—a forfeiture not to be weighed, in the estimation of freemen, by dollars and cents. The statute concerning costs, (R. C. 1845, art. 2, p. 248-9, secs. 46 and 47,) must settle, for the most part, this question. The 4th section is as follows : "In all prosecutions for any fine, penalty or forfeiture instituted otherwise than by indictment, unless the same is commenced by the attorney general or circuit attorney, or some other officer whose duty it is to institute the same, the informer or person commencing the prosecution, although he may not be entitled to any part of the said fine, penalty, or forfeiture, shall be adjudged to pay all costs, if the defendant is acquitted." The 6th section : "In all cases except those in which death or imprisonment in the penitentiary is the sole punishment, when any person shall be committed or recognized to answer a criminal offence, and no indictment shall be found against such person, the prosecutor shall be liable for costs, unless the grand jury taking the matter in consideration shall determine that the county and not the prosecutor shall pay the same," &c. Sec. 7. "If a person charged with an offence not punishable with death or imprisonment in the penitentiary alone, shall be discharged by the officer taking his examination, the costs shall be paid by the prosecutor or person on whose oath or information the same shall have been instituted, unless the officer shall certify that there was probable cause for the prosecution, in which event they shall be paid by the county in which the offence was committed. When the prosecutor is condemned to pay the costs, the officer taking the examination shall issue execution for them forthwith, if demanded," &c.

In our opinion, the last question is one of easy solution. The statute law of the state has expressly provided for such cases. Here, the prosecutor conducted the prosecution before the jury. It was originated by his information—the accused persons were discharged, having been acquitted by the jury, and the justice of the peace rendered judgment for the costs against the prosecutor, and issued execution for the collection of the same. On this execution the plaintiff's property·was sold (he being the prosecutor), and the defendant, Ayres, purchased it. We hesitate not the least in saying that the justice of the peace, A. H. Walker, had jurisdiction and authority under the law of this state, upon the facts agreed to in this record, to issue the execution for the costs in the proceedings against the supposed vagrants, against the prosecutor in those proceedings.

The judgment of the Circuit Court against the defendants was consequently erroneous, and must be reversed; Judge Leonard concurring; Judge Scott absent—sick.