GEORGE W. TURNER, Appellant, *v.* TERESA/TURNER, Respondent.

44   535
86a  283ᵢ

44     535
101a   417

1. *Equity — Fraudulent conveyances — Consideration — Undue influence.* — A conveyance obtained without sufficient consideration by a person resorting to. undue influences, or practicing fraud or deception, will generally be set aside. Fraud and mistake vitiate and avoid a conveyance without regard to the sources whence they originated, or the effect which they produce. But in order to avoid a grant on the ground of undue influence, it must be shown that the influence existed and was exercised for an undue and disadvantageous purpose. Where influence is shown to have existed, or to have been unduly exercised, or confidence to have been reposed and abused, its source will be immaterial, a man being as much bound to act for the best interests of another who has trusted him as a friend as if he had been appointed a trustee or agent.

### *Appeal from Fourth District Court.*

The facts appear in the opinion of the court.

*James M. De France,* with *Ewing & Holliday,* for appellant.

I. The defendant acquired the title to her property by " actual fraud, arising from plain facts and circumstances of imposition." (Chesterfield v. Jansen, 2 Ves., Sr. 155.) "Fraud or covin may, in judgment of law, avoid every kind of act." (Bright, Ex'r, v. Eynon, 1 Burr. 390 — see p. 395, at bottom — citing Fermon's case, 3 Co. 77.)

II. Courts of chancery have an undoubted jurisdiction to relieve against every species of fraud. (1 Hovenden, 17.) Where a father obtains an absolute conveyance from a daughter, in order to answer one particular purpose, and afterwards makes use of it for another, a court of chancery will relieve under the head of fraud. (Young v. Peachy, 2 Atk. 254; Picket v. Loggon, 14 Ves. 234; 2 Hovenden on Fraud, 108.)

III. Fraud and mistake vitiate and avoid a conveyance, without regard to the source whence they originate, or the effect which they produce. (3 White & Tudor's Lead. Cas. in Eq. 124.)

IV. It is thoroughly settled that when undue influence has been used, or a fraud actually committed, equity will not stop short with the guilty party, but will grant relief against every

one who attempts to sustain the wrong, or profit by it, however innocent he may have been in the first instance. (3 White & Tudor's Lead. Cas. in Eq. 151–2; 11 Wheaton, 103.) Whenever a conveyance has been obtained by a *suppressio veri* or *suggestio falsi*, it may be altogether avoided. (2 Hoven. on Fraud, 105.)

V. If the wife elope, a chancery court will not assist her in recovering her own property, which had been settled to her separate use. (Lee v. Lee, 1 Dick. 321; same case, 2 Dick. 806; Clark v. Lott, 11 Ill. 105; Moore v. Moore, 2 Atk. 272; Ayer v. Ayer, 16 Pick. 327.)

*Ellison & Ellison*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a petition in the nature of a bill in equity, seeking relief from a conveyance made at plaintiff's instance and request to defendant, and asking that the title to certain property therein conveyed be divested from the defendant and restored to the plaintiff. The petition states that the plaintiff and defendant were legally married, and were living together as man and wife, when the plaintiff purchased of W. P. Linder and paid for two several lots of ground in Linder's addition to the town of Kirksville, in Adair county; that defendant begged and importuned plaintiff to have the deed to the property made to her, and that in consequence of her importunities he was finally prevailed upon to do so to gratify her; that at the time he had the utmost confidence in her love, fidelity, and chastity, and that she also persuaded and encouraged him to improve the property and expend his means thereon; that he did lay out and expend all his means in building a house and making permanent improvements on the lots, and, as soon as that was accomplished, defendant abandoned the plaintiff. The petition further avers that the defendant before, and at the time and after Linder made the deed to her, was clandestinely, and secretly, and wholly unknown to the plaintiff, committing adultery with one Leonard Johnson and one George Rice, and others whose names are not known; that before

and at the time said deed was made to her, she was in collusion with said Linder and her adulterers, who were aiding and assisting her in her attempt to overreach, cheat, and defraud plaintiff out of his property, intending wrongfully and through fraud to obtain title to said real estate, and induce plaintiff to expend all his means on the same, and, as soon as that was accomplished, to abandon him and live in adultery with Rice and Johnson; that the title to the property was acquired by the defendant willfully and designedly, through fraud and deceit; that she subsequently eloped with Johnson, and is now living in adultery with him, and that plaintiff has been divorced from her by decree of court. The Circuit Court sustained a demurrer to this petition, and rendered judgment thereon for the defendant, which judgment was affirmed in the District Court. The petition alleges a state of facts which, if true, shows that the plaintiff has been made the victim of one of the grossest outrages which it is possible for the human mind to conceive of — a deliberate attempt by a faithless wife, in conjunction with her guilty confederates, not only to rob her husband of his peace, and dishonor him, but also to wrest from him all his property. Not satisfied with turning him out in the world smarting under the stings of a most heinous and grievous wrong, they proceed further in their iniquitous career and reduce him to beggary. A conveyance obtained without sufficient consideration by a person resorting to undue influences, or practising fraud or deception, will generally be set aside. Fraud and mistake vitiate and avoid a conveyance, without regard to the sources whence they originate or the effect which they produce. But, in order to avoid a grant on the ground of undue influence, it must be shown that the influence existed and was exercised for an undue and disadvantageous purpose. It will not be avoided on the ground of undue influence, when it is just in itself and in its consequences. (Cruger v. Douglass, 4 Edw. Ch. 433, 525, 532.) In Whelan v. Whelan, 3 Cow. 537, the general principle was held that influence on one side evidently exerted to produce disadvantageous results on the other, will justify chancery in setting aside a conveyance, even when not alleged or proved to amount to actual fraud. There seems to be little doubt that undue influence

on one side, coupled with the injury on the other, will be enough to set aside a conveyance even where there is no ground for imputing fraud or unfair dealing. Thus, in Slocum v. Marshall, 2 W. C. C. R., 397, a daughter was induced by her father to convey to him her reversionary interest in certain real estate, after the expiration of his life estate as tenant by the courtesy, for the purpose of enabling him to make a title to the property, with an understanding that he would hold it and its proceeds, if sold, in trust for her benefit. There was no doubt that the deed had been procured by an exertion of parental influence, and had proved disadvantageous to the child, and this was held sufficient to render it voidable, although the circumstances repel the idea of fraud or improper motives on the part of the father. Where influence is shown to have existed, or to have been unduly exercised, or confidence to have been reposed and abused, its source will be immaterial—a man being as much bound to act for the best interests of another who has trusted him as a friend, as if he had been appointed a trustee or agent. (McCormick v. Malin, 5 Blackf. 509.) The case of Freeland v. Eldridge, 19 Mo. 325, illustrates the principle we are now enforcing. There the wife of the plaintiff and her father entered into a league and confederated together for the purpose of cheating and defrauding the plaintiff out of his property. The plaintiff, whose mind was weak, was made to believe that he was in great danger, and that he could only be protected by conveying his property to the defendant, who was his friend and his wife's father, and then leaving the country. The defendant agreed to pay $1,800 for the property by giving his note for that amount to his daughter, the plaintiff's wife. This was merely a cover for the transaction; and the note was immediately handed back by the daughter to her father. There was, in addition, a combination between the defendant and plaintiff's wife to procure a separation between plaintiff and his wife when the property was obtained. Upon this state of facts the court below set aside the conveyance, and this court affirmed the judgment. In Freeland's case, as in the case at bar, the wife was the active instrument and agent in trying to defraud and cheat her husband. As we have seen, a conveyance will some-

times be avoided and set aside where it is procured by an influence exerted on one side with the evident design of producing disadvantageous results. A wife in whom her husband reposed the strictest confidence might well be calculated to exert an influence on his mind and obtain the title to property in her own name. If it was done with an honest intent, to secure a home for herself and her offspring, the transaction would not only be legal, but praiseworthy. But if the influence was exerted with the design of despoiling the husband and then abandoning him, and sharing the ill-gotten gains with some other person, the law would condemn and stigmatize the transaction. But the petition does not rest this case upon the exertion of influence and importunities merely. There is an express and positive allegation of fraud, which stands admitted by the demurrer. It is the recognized doctrine in every civilized state that a title procured by fraud, or a plain and positive deception, is tainted throughout—destitute of all validity, and utterly void in law as well as equity. In the District Court, this cause seems to have been decided on the authority of Alexander v. Warrance, 17 Mo. 228, on the ground that no trust results to a husband who purchases property and causes it to be conveyed to his wife. In ordinary cases that is the law, and the conveyance will be adjudged an advancement for the benefit of the wife. But there is no question of resulting trust here. The allegation is that the conveyance was procured by fraud, and, if that should turn out to be true, it uproots the title through and through. The judge, in his opinion in the District Court, says the plaintiff is a victim, but he has no legal remedy. If such were the case it would be a reproach and a scandal to the law; but we are not of that opinion. We see no difficulty in his getting full and adequate redress.

I think the judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer and give the defendant leave to answer. The other judges concur.