CHARLES I. FORD, Respondent, v. CITY OF CAMERON, Appellant.

### Kansas City Court of Appeals, November 23, 1885.

1. PRACTICE—AGREED FACTS—WHAT EQUIVALENT TO IN LAW.—In cases where the facts are agreed upon, they stand in lieu of a special verdict, and no declarations of law are necessary. The court simply applies the law arising on such undisputed facts, and renders the judgment of the law. But this rule is subject to this qualification in its application : the agreed statement must cover *all the facts of the case.* Where the agreement is only to a *part* of the facts, and others are controverted, in *such case* the agreed statement is used before the jury, or court, "as evidence, concluding the parties, so far as they have agreed, but in that case, the judgment will be upon the *finding of the facts,* and not upon an *agreed case.*" *Munford v. Wilson,* 15 Mo. 540.

2. PRACTICE—HOW FINDINGS OF FACTS ARE REVIEWED—Since the code of 1849, upon the finding of facts, if the unsuccessful party would have the case reviewed on error, he must raise, by instructions in the trial court, the questions of law sought to be determined ;

otherwise, there is no error of the trial court for this court to review.

APPEAL from Clinton Circuit Court, HON. GEORGE W. DUNN, Judge.

*Affirmed.*

The case and facts are fully stated in the opinion of the court. See, also, *Corn v. City of Cameron, post*, p. —

WILLIAM HENRY, for the appellant.

S. H. CORN, for the respondent.

PHILIPS, P. J.—The plaintiff brought this action to recover from defendant, a municipal corporation, taxes alleged to have been wrongfully and illegally coerced by defendant from plaintiff. At the trial, had before the court sitting as a jury, the following facts were agreed upon.

"1. That on the 16th day of June, 1882, the defendant enlarged its corporate territorial boundaries so as to include the residence of the plaintiff, and that until that day plaintiff did not reside within the territorial limits of the defendant.

"2. That the money sued for by plaintiff was paid to the collector of revenue of defendant under compulsion, and to prevent a levy and sale of his property by said collector for taxes claimed to be due defendant.

"3. That said money had been paid into the city treasury before the commencement of this suit.

"It was further agreed by plaintiff and defendant, that the amount in question paid to defendant by plaintiff, was thirty-four and sixty-six hundredths dollars. No other, or further evidence was introduced, or offered to be introduced by plaintiff."

The defendant, then, to sustain the issues on its part, read in evidence a certain paper purporting to be certified by the assessor of the county, showing that certain personal property of plaintiff had been assessed by the

county assessor for the year 1882, amounting to certain valuation, on which taxes amounting to the sum of $34.66 had been imposed.

The court found for the plaintiff, and rendered judgment for the amount of the taxes collected from him by defendant. Defendant has appealed.

I. As appears from the foregoing statement, the cause was submitted to the court, without the intervention of a jury, partly on an agreed statement of facts. In cases where the facts are agreed upon, they stand in lieu of a special verdict, and no declarations of law are necessary. The court simply applies the law arising on such undisputed facts, and renders the judgment of the law. *White v. Walker*, 22 Mo. 433; *Henri v. G. L. of U. O. A. of D.*, 59 Mo. 581; *Shaw v. Pasely*, 64 Mo. 514; *Barden v. St. L. Mut. Ins. Co.*, 3 Mo. App. 248.

But this rule is subject to this qualification in its application: the agreed statement must cover all the facts of the case. Where the parties agree to certain facts, which they do not care to controvert, while they controvert others which one or the other of the parties must introduce evidence to support, in such case the agreed statement is used before the jury, or the court sitting as a jury, "as evidence, concluding the parties so far as they have agreed, but in that case, the judgment will be upon the finding of the facts, and not upon an agreed case." *Munford v. Wilson*, 15 Mo. 540.

In the case at bar only a part of the facts were agreed upon. All the facts essential to plaintiff's right of recovery were admitted. The material and important fact, on which defendant relies for defeating the *prima facie* case admitted in favor of plaintiff, was controverted, compelling defendant to introduce his proof. In this state of the case, the verdict of the trial court was "upon the finding of the facts."

I understand the rule of practice to be well established, since the adoption of the code in 1849, that under such circumstances, if the unsuccessful party would have the case reviewed on error, he must raise by in-

structions, in the trial court, the questions of law sought to be determined, otherwise there is · no error of the trial court for this court to review. *Weilandy v. Lemuel*, 47 Mo. 322 ; *Kurlbaum v. Roepke*, 27 Mo. 161 ; *Altum v. Arnold*, 27 Mo. 264 ; *Harrington v. Minor*, 80 Mo. 270 ; *Cunningham v. Snow*, 82 Mo. 587.

No instructions were asked by either party in this case. What error have we to review? On the facts admitted, the finding of the trial court was right. The assessment year began on the first day of June. (Laws of Mo. 1881, p. 178). The plaintiff was not then a resident of the defendant corporation. The law presumes that personal property follows the owner. Its *situs* is to be determined by the place of his residence. If he did not reside and had no property inside of the corporate limits of Cameron on the first day of June, 1882, the defendant had no right to collect taxes, ordinarily, from him for that current year.

The judgment of the circuit court is affirmed. Ellison, J. concurs, Hall, J., concurs in the result.