JOHN R. CULBERTSON, Appellant, v. HOWARD YOUNG et al., Respondents.

Kansas City Court of Appeals, December 17, 1900.

1. Contracts: CONSIDERATION: EVIDENCE: FRAUD. While additional consideration to that stated in a written contract may ordinarily be shown, the rule does not hold where the writing shows the consideration has been a matter of contract and not of mere recital, and in the absence of fraud, accident or mistake such consideration can not be altered or varied by parol evidence.

2. ———: DECEIT: REPRESENTATION OF INTENTION: FRAUD. A representation of a future intention will not ordinarily affect a contract; but if a false misrepresentation as to material matters is made with the fraudulent intent not to do as the representation promises, it will be ground for the rescission of the contract.

3. ———: ———: ———: MISTREATMENT. Where the consideration of a contract is a representation that the promisor will cease to mistreat the promisee and intends in the future to treat him with kindness and affection and is made with the fraudulent intention at the time of not living up to its terms, it becomes such matter of substance as to avoid the act which the fraud produced.

4. ———: RESCISSION: RETURN OF CONSIDERATION. Where the effect of an action is to rescind a contract, the plaintiff ought to restore or offer to restore what he got by the contract or refund its value.

Culbertson v. Young.

Appeal from the Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

AFFIRMED.

*Virgil Conkling* and *Hale & Son* for appellant.

(1)   The petition states a cause of action.   Lawrence v. Gayetty, 78 Cal. 126; Kimball v. Ins. Co., 9 Allen, 540; Bigelow on Fraud (2 Ed.), 483 et seq.   (2)   The making of a promise with no intention at the time of performing it constitutes a fraud.   The mere failure to perform the covenant does not relate back to and render the same fraudulent.   It is the present intent not to perform it that makes it wrongful. Lawrence v. Gayetty, 12 Am. St. Rep. 33; Kimball v. Ins. Co., 9 Allen, 540; Bigelow on Fraud (1 Ed.), p. 12.   (3) A promise is sometimes the very device resorted to for the purpose of accomplishing the fraud, and the most apt and effectual.   The promise is merely his false token, by means of which he effected his cheat.   Lang v. McKee, 13 Mich. 124; Wilson v. Eggleston, 27 Mich. 257; Cooley on Torts (2 Ed.), p. 569; 5 Am. and Eng. Ency. of Law (1 Ed.), p. 334; Dowd v. Tucker, 41 Conn. 197; Gross v. McKee, 53 Miss. 536.   (4)   Representations made as to facts to transpire in the future are mere promises and will not of themselves support an action of deceit.   But if a party makes promises which he never intends to fulfill, whereby another is injured, he may be held liable to an action of deceit.   Morrill v. Blackman, 42 Conn. 324; Eaton v. Avery, 83 N. Y. 31; Burrill v. Stevens, 73 Me. 395; Nichols v. Pinner, 18 N. Y. 306; Kimball v. Ins. Co., 9 Allen (Mass.) 540.

*L. H. Waters* for respondent.

Culbertson v. Young.

(1) There was no evidence tending to show that plaintiff relied on any promises or representations made by the defendants or that he was thereby induced to enter into the contract with them. Unless they were relied on he can not complain. Parker v. Marquis, 64 Mo. 42; Jolliffe v. Collins, 21 Mo. 338; Peers v. Davis, 29 Mo. 184. (2) The settlement was evidenced by a written contract and plaintiff could not vary its terms by parol. Tracy v. Iron Works, 104 Mo. 200. (3) As plaintiff has not offered to return what he received by the settlement nor to reimburse Mrs. Culbertson for what she paid on his debts, he can neither rescind nor repudiate the settlement. Girard v. Wheel Co., 46 Mo. App. 79; Owens v. Rector, 44 Mo. 389. (4) The alleged promise of kind treatment was not a material representation nor was it relied on. Smith v. Dye, 88 Mo. 581; Warren v. Ritchie, 128 Mo. 311. "A promise of love and affection" is not a material representation. Brooks v. Owen, 112 Mo. 261; Gerery v. Howe, 130 Mass. 350; 8 Am. and Eng. Ency. of Law, 1320; Easley v. Gordon, 51 Mo. App. 637. (5) Fraud is not available unless it refers to and affects the consideration, and not merely disappoints the motive for entering into the contract. 14 Am. and Eng. Ency. of Law (2 Ed.), p. 140b; Hodson **v.** Hodson, 69 Minn. 486.

ELLISON, J.—Plaintiff is the stepfather of defendants and brought this action against them to recover the value of a large lot of personal property alleged to have been turned over to them and plaintiff's former wife, Virginia J. Culbertson, the latter being the mother of defendants by a former husband. The finding in the trial court was for plaintiff. It was afterwards set aside by that court and a new trial granted. Plaintiff appealed from that order.

The petition states that defendants, with their mother,

who was then plaintiff's wife, entered into a conspiracy to deceive and defraud plaintiff whereby they would falsely represent to him that if he would surrender his property to defendants they would cease quarreling with him and would discontinue cursing and mistreating him. That Virginia J. Culbertson would cease her abuse and mistreatment and thereafter live with him as a dutiful and affectionate wife, making his home attractive and happy during their lives. The petition further charges that in pursuance of such agreement to defraud and deceive him, the representations just stated were in fact made to him with the fraudulent intent not to abide by them. That relying upon them as being made in good faith he contracted in writing with said parties whereby he surrendered to them his property, therein set forth. It is then charged that the representations and promises were not kept by said parties, but that on the contrary, their mistreatment and abuse was continued and that they have driven him from his home. The prayer is for the value of the property. The written contract referred to in the petition is as follows:

"Agreement entered into this twenty-seventh day of November, 1891, between J. R. Culbertson and Virginia J. Culbertson, Howard, Elmer and Walter Young, in which said J. R. Culbertson does hereby release all claim to all live stock and other personal property, now controlled by him on the farm belonging to Virginia J. Culbertson, said release given in consideration that he reserve the following personal property, to-wit: One team horses, known as the Nellie filley and the Belcher filley; one set harness; one riding plow; one stallion, known as 'Membrano,' and all 'books' belonging to him; one black yearling heifer and four yearling steers. Total valuation, twelve hundred dollars ($1,200). It is further agreed that said J. R. Culbertson, in consideration of reserving the above mentioned personal property, turns over to V. J. Cul-

Culbertson v. Young.

bertson all bank accounts, including between $300 and $350 now in Wilcoxson & Co.'s bank, said V. J. Culbertson to assume all outstanding indebtedness contracted prior to date of this agreement ($1,050)."

This contract was admitted in evidence without objection. No explanation was made whereby the force of the language therein used was qualified. On the contrary, the evidence offered in behalf of plaintiff tended to show that the matters set out in his petition and therein stated to be the sole cause and consideration for his release of his property to defendants were, in fact, matters of *additional* consideration to that named in the written contract. The petition should have stated the facts as they existed and were shown to be. The case made by the evidence (assuming the plaintiff proved the fraudulent misrepresentations of an intention to cease mistreating him) was that plaintiff and defendants entered into the written contract above set out whereby, for the different considerations therein named and *the additional oral* consideration of future kind treatment, transferred certain named property to defendants.

Evidence of a consideration aditional to that named in the written contract could only have been admitted on the ground of fraud. While aditional consideration to that stated in a written contract may ordinarily be shown, it can not be in those cases where the writing shows the consideration has been made a matter of contract. Where the consideration is not made a mere matter of recital, but has been made contractual, it can not, in the absence of fraud, accident or mistake, be altered or varied by parol any more than any other portion of the contract. Jackson v. Railway, 54 Mo. App. 636; Davis v. Gann, 63 Mo. App. 425; Hickman v. Hickman, 55 Mo. App. 303; Melich v. Armour, 60 Kan. 229.

So, therefore, plaintiff charges in his petition and gave

evidence tending to prove that defendants promised to cease mistreating him and thereafter to treat him kindly, fraudulently intending at the time not to do so.    The representation of a future intention will ordinarily not affect a contract, and a failure on the part of the promisor will not afford ground to the promisee for avoiding it.    But if the promisor makes a false representation of his intention as to matters material, fraudulently intending at the time not to do what he represents he intends to do, it is ground for avoidance. This is frequently illustrated in insurance cases.    Kimball v. Ins. Co., 9 Allen 540.    In other instances:  Lawrence v. Gayetty, 78 California 126; Dowd v. Tucker, 41 Conn. 197; Gross v. McKee, 53 Miss. 536.    And also in the purchase of goods never intending to pay for them.    Bidault v. Wales, 20 Mo. 547; s. c., 19 Mo. 36; Morrill v. Blackman, 42 Conn. 324; Burrill v. Stevens, 73 Maine 395.    When one buys goods on credit, he, at least tacitly, represents that he intends to pay for them and if he, in fact, intends never to pay for them, he represents to the vendor a falsehood and is guilty of fraud, and the contract may be avoided and the goods recovered from the purchaser.

But it is contended by defendants that a fraudulent promise to cease gross mistreatment and abuse and that the promisor would thereafter treat the promisee with kindness and faithful affection is not a substantial matter upon which fraud can be based.    We do not agree to the proposition.    The relationship of the parties should be considered and when considered we think there can be no doubt that such promise with the fraudulent purpose at the time of not living up to it, is such matter of substance as to avoid the act which the fraud produced.    The case of Hodsden v. Hodsden, 69 Minn. 486, was much like this and while a demurrer to the petition was sustained in that case it was on the ground that it was not alleged

that the fraudulent purpose was entertained when the promise was made.    That defect does not appear in the petition in this case.    The cases of Turner v. Turner, 44 Mo. 535, and Freeland v. Eldridge, 19 Mo. 325, while not altogether like this case are illustrative of the position we have taken.

There is, however, another point in the case which, on the record, shows that the court was right in granting a new trial and the point is embraced in defendants' peremptory instruction.    It will be noticed that by the terms of the written contract whereby plaintiff transferred to defendants the property, the value of which he sues for, defendants transferred to him property of the stated value of $1,200.    This has not been returned to defendants nor has its value been accounted for.    So the result of the trial was that plaintiff recovered the value of what defendants got of him and retains what he got of them. The effect of his action is to rescind the contract and he ought to restore, or offer to restore, what he got by the contract, or refund its value.

Aside from the written contract there is no evidence of what was the nature of the title of the respective parties to the property mentioned in it.    The terms used in the writing are somewhat unusual.    Plaintiff "releases" his claim to certain property and he "reserves" to himself certain other property. "All bank accounts" are turned over to Mrs. Culbertson and she assumes "all outstanding indebtedness."    We are not informed as to whose accounts those were, nor as to whose indebtedness reference is made.    But assuming that plaintiff transferred certain property of his for certain other property of defendants, he ought not to be allowed to recover what he transferred to defendants without restoring to them the consideration they rendered to him.    We can only consider the evidence as it has been preserved in the record and from that it seems that if the verdict be allowed to stand plaintiff would

not only recover the value of the property defendants got of him but he would retain what he got of them. The court was therefore right in granting a new trial and the judgment will be affirmed. All concur.