KENNISH, P. J.
— On January 20, 1907, plaintiffs filed in the circuit court of Stoddard county a petition alleging that a deed executed by the plaintiffs Moses Proffer and Eliza Proffer, his wife, conveying certain land in that county to the defendant Jerome Abernathy, was obtained by fraud and without consideration. The prayer of the petition was that said deed be cancelled, • the defendants divested of the title to said land and said title vested in plaintiffs.
Upon a trial of the cause the circuit court found the issues for the plaintiffs, cancelled the deed, divested the defendants of the title to the land and vested the same in the plaintiff Moses Proffer, in trust for the plaintiff Louisa J. Summers. From this judgment the defendants appealed to this court. No bill of exceptions was preserved and filed and, therefore, only the record proper is before us for review. As the errors assigned by appellants all relate to the sufficiency of the petition, and the conformity of the judgment to the pleadings, the petition and the finding, judgment and decree will be set out at length.
The petition, omitting formal parts, is as follows:
“Plaintiffs state that Elisha Summers died intestate on the-day of-, 1894, leaving as his widow, the plaintiff Louisa J. Summers, and as children and heirs at law and in equity, the plaintiffs Z. T. Summers, Ada Garner, Marinda Hopkins, Walter Summers and John Summers, the defendant Lizzie Abernathy, W. F. Summers, now deceased, and Marinda I. Summers (now Bailey).
“Plaintiffs state that on November 5, 1890, and at the time of his death, the said Elisha Summers was the owner in fee and seized and possessed of, among others, the following described lands, lying and being situate in Stoddard county, Missouri, to-wit: All that part lying west of the Bloomfield and Gape Girardeau public road of the northeast quarter of the southeast quarter and all of the southwest quarter of the north *161 east quarter, except seven acres in the northeast corner thereof, all in section eight, township twenty-seven, range eleven east.
“That on the said 5th day of November, 1890; said Elisha Summers and Louisa J. Summers,' his wife, conveyed the lands by mortgage deed to Stoddard county as security for a loan of two hundred dollars secured by the said Elisha Summers from the school fund, and that at the time of the death of the said Elisha Summers, the said mortgage deed was still unsatisfied and still incumbered said land.
‘ ‘ Plaintiffs further state that during his last sickness it was the request of said Elisha Summers that plaintiff Moses Proffer should pay off the said mortgage deed and receive as his sole compensation for so doing the said southwest quarter of the northeast quarter, except the said seven acres in the northeast corner; that said Moses Proffer was willing to comply with said request of Elisba Summers; procured an order of the county court to the sheriff of Stoddard county directing him to sell the said land, became the successful bidder at the sale, and on March, 16; 1898, received . from the sheriff of Stoddard county a deed conveying to him, Moses Proffer, all the land above described and in said mortgage deed contained.
“Plaintiffs state that said Moses Proffer took the title to the said land, to-wit, all that part lying west of the Bloomfield and ■ Cape Girardeau public road of the northeast quarter of the southeast quarter of section eight, township twenty-seven, range eleven, unto himself by the said sheriff’s deed,'for the sole purpose of reconveying the same to the plaintiff Louisa J. Summers, that being, as he understood, in accordance with the request of said Elisha J. Summers, deceased.
“Plaintiffs state that the defendant herein, Jerome Abernathy, knowing that it was the intent of the *162 said Moses Proffer to convey the' said land to Louisa J. Summers, or to some other person at her direction, ,went to the said Moses Proffer and, with intent to injure and defraud all the parties plaintiff to this suit, falsely and fraudulently represented to said Moses Proffer, that said Louisa J. Summers had agreed and directed that said Moses Proffer should make a deed to the said land, to-wit, all that part lying west of the Bloomfield and Cape Girardeau public road of the northeast quarter of the southeast quarter of section eight, township twenty-seven, range eleven, to him, the said Jerome Abernathy. Plaintiffs state that the said representations of the said Jerome Abernathy were false and known by him to be false, and that the said Louisa J. Summers had not agreed or directed that the said Moses Proffer should deed the said land to said Jerome Abernathy, but that plaintiffs Móses Proffer and Eliza S. Proffer believed said representations were true, and relying upon them and without any other or further consideration, duly executed, acknowledged and delivered to the said Jerome Abernathy a warranty deed, in common form, conveying to him the said lands, to-wit, all that part lying west of the Bloomfield and Cape Girardeau public road of the northeast quarter of the southeast quarter of section eight, township twenty-seven, range eleven east, in Stoddard county, Missouri, said deed bearing date May 1, 1899, and being recorded at page 233 of book 29, one of the land records of said Stoddard county, Missouri.
“Plaintiffs,-Moses Proffer and Eliza S. Proffer, state that they acknowledge that whatever title, interest or estate they have in and to the said land, to-wit, all that part lying west of the Bloomfield and Cape Girardeau public road of the northeast quarter of the southeast quarter of section eight, township twenty-seven, range eleven, they hold in trust for the purpose of carrying out the said request of the said Elisha Summers, deceased, and that they expect to and will *163 execute their said trust, as soon as the said deed from them to the said Jerome Abernathy shall have been annulled and cancelled, by conveying whatever interest they may have in and to the said land to Louisa J. Summers, or to whomsoever she shall direct that it be conveyed, and that they join in this suit for the purpose of securing the annulment and cancellation of said deed.
“Plaintiff, Louisa J. Summers, acknowledges that whatever title, interest or estate, if any, except her quarantine, dower and homestead rights, she has or may have, under her present rights in and to the said land, she holds in trust for the heirs of said Elisha Summers and that she intends and will execute said trust by proper conveyances as soon as the cloud, cast upon the title to the said land by the said deed from Moses Proffer and his wife to Jerome Abernathy, is removed.
‘ ‘ Plaintiffs state that defendant, Lizzie Abernathy, refuses to join as plaintiff in this suit, and that de-' fendant, Jerome Abernathy, has obtained by warranty, deed, the title, interest and estate of W. P. Summers, deceased, and Marinda I. Bailey, as heirs of said Elisha Summers, deceased, in and to the said lands.
“Plaintiffs state that the said deed from Moses Proffer and Eliza S. Proffer, his wife, to said Jerome Abernathy, was obtained solely by fraud as above set out and without consideration and constitutes a cloud upon the title to the said land.
“Wherefore plaintiffs pray the court to order and adjudge that the said deed be cancelled, stricken from the records and for naught held, and that whatever title, estate or interest of these plaintiffs vested by it in the said Jerome Abernathy and Lizzie Abernathy, his wife, be divested out of them and vested into these plaintiffs, for costs in this behalf expended and for such other and further relief as to the court seems meet and just.”
*164 A demurrer to the petition was filed and overruled, and thereupon the defendants filed their answer, which was a general denial.
Upon the issues thus made the cause was tried in the circuit court. The finding, judgment and decree of the trial court was as follows:
“Now again come the parties in the above entitled cause, on this 20th day of June, 1907, and announce themselves ready for trial.
“Whereupon, all and singular the issues made by the pleadings in this cause, are by the parties herein submitted to the court for its adjudication and judgment, and the court having heard all the testimony introduced by the plaintiff and all the testimony introduced by the defendant, and being now fully advised of and concerning the said testimony and the issues in said cause, doth find that the warranty deed made by plaintiffs Moses Proffer and Eliza S. Proffer, his wife, bearing date May 1,1899, and recorded in the land records of Stoddard county at page 233 of book 29^ conveying to Jerome Abernathy the following described land, to-wit, all that part lying west of the 'Bloomfield and Cape Girardeau public road of the northeast quarter of the southeast quarter of section eight, township twenty-seven, range eleven east, in Stoddard county, Missouri, was obtained by said Jerome Abernathy from said Moses Proffer and his wife, without consideration and by false and fraudulent representations as alleged in plaintiffs’ petition.
‘ ‘ The court further finds that the title to said real estate is vested in Moses Proffer in trust for Louisa J. Summers, widow of Elisha Summers, deceased, and that the aforesaid deed is a cloud on said title. It is therefore ordered, adjudged and decreed that the said deed be and the same hereby is cancelled, stricken from the record and for naught held, and that whatever title, estate or interest vested by said deed in Jerome Abernathy, and Lizzie Abernathy, his wife, be, and the *165 same- hereby is, divested out of them and vested in plaintiff Moses Proffer, in trust for plaintiff Louisa J. Summers.” ■
I. Appellants’ first assignment of error is that the petition fails to state a cause of action, because: “(a) Fraud and injury must concur, and it must be so alleged or plaintiff cannot succeed, and it was not so alleged in this case; (b) the false representation must have been made to the person injured.”
The petition alleges that Moses Proffer took the title to the land for the sole purpose of reconveying the same to the plaintiff Louisa J. Summers, in accordance with the request of Elisha Summers, deceased; that whatever title, interest or estate Louisa J. Summers has in said land, except her quarantine, dower and homestead rights, she holds in trust for the heirs of Elisha Summers, deceased; that the defendant, Jerome Abernathy, with intent to defraud the plaintiffs, falsely and fraudulently represented to Proffer that Louisa J. Summers had agreed and directed that Proffer should convey the land to him; that the representations so made by said Abernathy were false and were known by him to be false; that Louisa J. Summers had not agreed or directed that the land be conveyed to Abernathy; that Proffer, relying upon said representations and believing them to be true, executed the deed to Abernathy, without any consideration therefor; that said deed constitutes,a cloud upon plaintiffs’ title to said land. These allegations clearly and explicitly charge the perpetration of such fraud practiced by the defendant Jerome Abernathy, in obtaining the deed, and such injury resulting to the plaintiffs therefrom, as to entitle the plaintiffs to the relief prayed for in the petition. [Turner v. Turner, 44 Mo. 535; Nauman v. Oberle, 90 Mo. 666; Brown v. Fickle, 135 Mo. 405; 13 Cyc. 578.]
*166 Neither do we think the petition objectionable because it shows on its face that the false representations complained of were made to Proffer, the trustee, while the injury was suffered by the widow and heirs, for whom Proffer held the property in trust.
Appellants correctly state the general rule to the effect that the false representation must have been made to the person injured. But this rule is subject to well recognized exceptions. In 20 Cyc. 83, one exception to the rule is stated in the following language: “The fact that the plaintiff did not appear in the transaction induced by the fraud will not prevent his recovery when he was in fact the real party in interest.”
In the case at bar the widow and heirs of Elisha Summers are the parties who are alleged to have been injured by means of the false representations. The widow and the heirs, except three of the children of Elisha Summers, deceased, are parties plaintiff. The interests of these three children are alleged to be owned by the defendants, the defendant Lizzie Abernathy being a daughter of said Elisha Summers, and the defendant Jerome Abernathy having acquired, by deed, the interests of the two other children. The widow and the heirs who join as plaintiffs, being real parties in interest, are entitled to maintain an action for relief from the consequences of the fraud alleged to have been perpetrated upon them by the alleged false representations of the defendant Jerome Aber- • nathy. We, therefore, hold that the petition is not objectionable on the ground urged by appellants.
II. It is next contended that the finding and judgment should have been for the defendants because “there is no equity in plaintiffs’ bill.” The ground upon which this contention is based is a statement in appellants’ brief that the plaintiff, Moses Proffer, has not done equity in the premises, in that he has reserved to himself much more' land than was necessary to re *167 imhurse Mm for the money advanced for the benefit of the widow and heirs in buying the land at the sheriff’s sale. No such state of facts is disclosed by the record before this court, nor would such facts, if established, preclude a recovery by the plaintiffs. The maxim quoted by appellants, “Equality is equity,” is certainly invoked in a new field when it is relied upon to protect the defendant Jerome Abernathy in holding the title to land which he has acquired in fraud of the rights of the widow and heirs, merely because Moses Proffer, who is a party plaintiff solely as trustee for the widow and heirs, has also practiced alleged fraud upon them concerning the subject-matter of the controversy.
III. It is assigned as error that the petition shows upon its face that plaintiffs’ action was barred, both by the Statute of Limitations and by laches.
Elisha Summers died in 1894. Proffer bought the land at sheriff’s sale in 1898. The conveyance to defendant was made and recorded in 1899'. This suit was instituted in 1907. It is a suit for the recovery of lands and was commenced within ten years after the execution of the deed in controversy, and was, therefore, not barred by limitations. [Sec. 1879, R. S. 1909; Burdett v. May, 100 Mo. 13; Haarstick v. Gabriel, 200 Mo. 237.]
The record does not disclose such laches as precludes a recovery by plaintiffs. Mere lapse of time, short of the statutory period of limitation, will not bar a claim to equitable relief, when the right is clear and there are no countervailing circumstances. As the only ground upon which the defense of laches is asserted, as shown by the record, is a delay of eight years in instituting suit, it must be held that plaintiffs’ claim is not barred by laches. [Cantwell v. Crawley, 188 Mo. 44; Hudson v. Cahoon, 193 Mo. 547; Haarstick v. Gabriel, 200 Mo. 237.]
*168 IY. The next assignment of error is that since the petition alleges that the deed was without consideration and for that reason void,' the plaintiffs have an adequate remedy at law and cannot maintain an equitable action to cancel the deed and vest the title in the plaintiffs.
In support of this assignment appellants cite and rely upon the case of Turner v. Hunter, 225 Mo. 71. That was a suit to cancel a sheriff’s deed, made pursuant to a sale of land for delinquent taxes. The petition alleged that the sheriff’s deed was executed without any judgment having been rendered for the taxes against the land and without any execution having been issued authorizing the sheriff to make the sale. This court held that the facts stated in the petition showed that the sheriff’s deed was not a cloud upon the title, because the record of the proceedings in the circuit court, upon which alone the right of the sheriff to make the deed depended, disclosed the facts that the deed was made without any judgment having been rendered and without auy execution having been issued. As the deed in question did not constitute a cloud upon the title, and as the plaintiff had an adequate remedy at law by an action of ejectment, it was held that the plaintiff could not maintain a bill in equity to cancel the deed.
The rule applied in that case is not in point in the ease at bar. In this case the alleged fraud and want of consideration are matters that do not appear upon the face of the deed, or in any record upon which the validity of the deed depends.
V. The last assignment of error is that the judgment is not in conformity with the allegations of the petition. Appellants’ contention upon this point is that the petition alleged that whatever title, interest or estate the widow, Louisa J. Summers, had or might have in the land in question, she held for the heirs of *169 Elisha Summers, deceased, subject to her rights and interests as his widow;- that the petition further alleged that the defendant Jerome Abernathy had acquired by deed the interests of two of the heirs of Elisha Summers, namely, his daughter Marinda I. Bailey and his son, W. F. Summers; while the judgment rendered in the trial court awarded the land to the widow, to the exclusion of the interests of Jerome Abernathy and of the heirs of said Elisha Summers.
■ In our opinion this contention must be sustained. The petition alleges that Proffer took the title to the land for the sole purpose of reconveying the same to the plaintiff, Louisa J. Summers; that whatever title-, interest or estate Louisa J. Summers has or may have in the lands, except her quarantine, dower and homestead rights, she holds in trust for the heirs of said Elisha Summers, deceased; that the defendant,.Jerome Abernathy, has obtained by warranty deed the title, interest and estate in and to said land of W. F. Summers and Marinda I. Bailey, heirs of said Elisha Summers. The court found and adjudged that “the title to said real estate is vested in Moses Proffer, in trust for Louisa J. Summers, widow of Elisha Summers, deceased. ”
While it may be difficult to harmonize all of the allegations of the petition, we are of opinion that when it is read as a whole it discloses plainly and clearly that the theory of the plaintiffs as disclosed in the petition, and against which the defendants were called upon to defend their rights in the trial court, was that the land rightfully belonged to the widow and heirs of Elisha Summers; that the defendant Jerome Abernathy should be divested of the title to the land because he had obtained the same by fraud; that the title should be vested in the widow, the heirs, and Jerome Abernathy, according to their respective rights, the interest of defendant Jerome Abernathy being the interests of two of the children of Elisha Summers *170 which he had acquired by deed, and the interest of defendant Lizzie Abernathy being the same as the interest of each of the other children of Elisha Summers, deceased. The judgment vesting .the title in Proffer, in trust for Louisa J. Summers, deprives J eróme Abernathy and the children of Elisha Summers of interests in the land which are expressly admitted to be owned by them in the admissions made in the petition by Louisa J. Summers.
For the foregoing reasons we hold that the court erred in its finding and decree vesting the title in Proffer, in trust for Louisa J. Summers, to the exclusion of the rights of the children of Elisha Summers, and to the exclusion of the rights of Jerome Abernathy under his deed from the two children of said Elisha Summers.-
The homestead rights of the widow and minor children, if such rights exist, the dower rights of the widow, the interests of Jerome Abernathy acquired by his deed from the two children, and the interests of the other heirs of Elisha Summers, should be ascertained, and a judgment entered vesting the title to the land in the parties named, according to their respective rights and interests. Such judgment should vest the title directly in the parties thereto, instead of vesting it in Moses Proffer in trust for them.
The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Ferriss, and Brown, JJ., concur.